**Clyde TUCKER and Gladys Tucker, his wife, Appellants,**

v.

**Charles R. JOHNSON and Minnie P. Johnson, his wife, and Melissa Walker, Appellees.**

Court of Appeals of Kentucky.

April 10, 1981.

Discretionary Review Denied Aug. 25, 1981.

Charles J. McEnroe, Mandt, McEnroe & Polk, Somerset, Ruben G. Hicks, Whitley City, for appellants.

Thomas E. Utley, Jr., Utley & Cain, Daniel A. Canning, Somerset, for appellees.

Before GANT, HOGGE and WHITE, JJ.

HOGGE, Judge.

Appellants Clyde and Gladys Tucker appeal from an order of the Pulaski Circuit Court denying their motion to be allowed to intervene in a motor vehicle negligence action. On June 13, 1978, a collision occurred between a vehicle owned and operated by appellee, Melissa Walker, in which Mr. Tucker was a passenger and a vehicle operated by appellees Charles and Minnie John-

---

son. Mr. Tucker was injured in the accident. The Johnsons brought suit against Melissa Walker seeking damages consisting of over $900 in medical expenses, $8,000 for pain and suffering, and over $8,000 in property damages. Miss Walker filed a counterclaim.

On April 14, 1980, appellants Clyde and Gladys Tucker moved for an order permitting them to file a third party complaint seeking over $7,000 in medical expenses as well as other damages which they asserted were caused by the negligence of both Mr. Johnson and Miss Walker. The motion was denied, and the parties indicate that the grounds for the denial was that the appellant's cause of action was barred by the limitations of KRS 413.140. KRS 413.140 provides that an action for an injury to the person must be commenced within one year after the cause of action accrues.

Appellants contend that this action is governed by the two-year statute of limitations set forth in KRS 304.39–230(6) which states that:

> (6) An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs.

In support of their contention they quote from the following statement from *Fann v. McGuffey*, Ky., 534 S.W.2d 770, 775 (1975):

> An action for tort recovery not foreclosed by KRS 304.39–060 must be commenced within two years after the injury or death or after the last payment of no-fault benefits, whichever is later.

Appellees argue that KRS 304.39–230(6) limits the commencement of only those actions brought under no-fault, and in support of their contention quote the following sentence from *Everman v. Miller*, Ky.App., 597 S.W.2d 153, 154 (1979):

> [I]t is only the limitation of time for filing personal injury suits under the No-Fault Act which has been changed.

The significance of the two sentences quoted can be better understood in the context of the opinions as a whole. In *Everman v. Miller* the issue was not whether the motorist covered under No-Fault came within the two-year limitation of KRS 304.39–230(6) if he passed the thresholds of KRS 304.39–060(2); rather the issue was whether KRS 304.39–230(6) could be applied retroactively to an accident which occurred when the No-Fault Act was not even in effect. In holding that the one-year statute of limitations in KRS 413.140 was not abrogated as to the cause of action of the appellant in *Everman*, the court stated that he was not covered by No-Fault insurance at the time of the accident, which occurred prior to the July 1, 1975, effective date of No-Fault.

As we have stated, the opinion in *Fann v. McGuffey, supra,* says that an action for tort recovery not foreclosed by KRS 304.39–060 must be commenced within two years after the injury or death or after the last payment of no-fault benefits, whichever is later. It goes on to observe that limitations on actions for no-fault benefits vary from one to four years after the accident or after the last payment of benefits. By recognizing these two separate categories of cases, it is clear that the court in *Fann v. McGuffey, supra,* was of the opinion that KRS 304.39–230(6) was not another statute limiting commencement of actions brought for no-fault benefits, but rather was designed for a separate purpose. That purpose is to provide a statute of limitations for those actions involving motor vehicle mishaps which would fall within the perimeters of No-Fault benefit recovery except for the fact the thresholds of KRS 304.39–060(2) have been exceeded, thereby making tort recovery possible.

This is such a case. The damages allegedly received by the Tuckers exceed the thresholds, and thus they have sought tort recovery as a remedy. Their action was initiated within two years after the injuries received in the accident. We hold that the statute of limitations set forth in KRS 304.-39–230(6) applies, and that the action of the Tuckers was not barred.

The order of the Pulaski Circuit Court denying appellant's motion to be allowed to

intervene in the action filed by Charles and Minnie Johnson is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.