**George E. BAILEY, Appellant,**

v.

**Motley W. REEVES, Appellee.**

Supreme Court of Kentucky.

Jan. 19, 1984.

William A. Miller, Sr., Louisville, Morris Butler, Greensburg, for appellant.

Kim F. Quick, Collier, Arnett & Coleman, Elizabethtown, for appellee.

LEIBSON, Justice.

This is a case arising out of the plaintiff's operation of a motor vehicle where the defendant is a nonmotorist. The sole issue is whether the statute of limitations on this action is two years as provided in Section 230(6) of KRS Chapter 304, the Motor Vehicles Reparations Act (MVRA), or whether the one year statute for personal injury actions as provided in KRS 413.140 applies.

On August 26, 1980, appellant was operating his truck north on Kentucky Highway 61 in Larue County, Kentucky, when the truck struck a cow. Appellant filed suit on August 18, 1982 alleging that the cow was owned by the appellee and the accident was caused by appellee's negligence.

The trial court dismissed the action on grounds that it was barred by KRS 413.140 since it was not filed within one year from the date of the accident. The Kentucky Court of Appeals affirmed. Because the literal language of the MVRA extends the statute of limitations to two years for actions "with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance or use of a motor vehicle," when not "abolished" by the Act, we reverse.

We have been invited to engage in a dialogue regarding the intention of the legislature in enacting the MVRA and to add limiting language to KRS 304.39–230(6) based on appellee's interpretation of some rather vague commentary to the parent Act, the Uniform Motor Vehicle Accident Reparations Act, from which portions of the language in our Act derive. The Kentucky no-fault law was a patchwork that included portions of the Uniform Act here and there. But the General Assembly modified the Act in many respects to conform to Kentucky's perception of constitutional limitations and other policy considerations and to add other features not included in the parent Act.

The appellee argues that the two-year statute of limitations, KRS 304.39–230(6), is applicable only with respect to actions for tort liability *against* an owner, operator or occupant of a motor vehicle, but we find no such limiting language in the Act. The Section at issue states as follows:

"An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever occurs later." KRS 304.39–230(6).

If the legislature intended this Section to be limited to "an action for tort liability against an owner, operator or user of a motor vehicle," we must assume that such language would have been expressed in this Section of the statute.

The only limiting language in this Section of the statute is "not abolished by KRS 304.39–060." KRS 304.39–060 abolishes tort liability in certain limited circumstances that have no application to this case. KRS 304.39–060 is not concerned with whether the action is against a motorist or nonmotorist, but with entirely different subjects, abolishing tort liability for certain elements of damages and in certain types of cases where damages do not exceed certain thresholds.

We are not entirely without precedent in deciding the meaning of this statute. *Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975), the landmark case deciding the constitutionality of the MVRA and interpreting its provisions, states that "the basic framework of the law is as follows:

"6. Statute of limitations.

An action for tort recovery not foreclosed by KRS 304.39–060 must be commenced within two years after the injury or death or after the last payment of no-fault benefits, whichever is later." 534 S.W.2d at 775.

The cause of action in the present case is "not foreclosed" by Section .060 of the no-fault statute. If we follow the language in *Fann v. McGuffey,* the two-year statute of limitations must necessarily apply.

■ We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. *Department of Revenue v. Greyhound Corp.,* Ky., 321 S.W.2d 60 (1959). A legislature making no exceptions to the positive terms of a statute is presumed to have intended to make none. *Commonwealth v. Boarman,* Ky.App., 610 S.W.2d 922 (1980).

Here, giving the words of the statute their literal meaning and adding no exceptions neither leads to absurdity nor to a wholly unreasonable conclusion. On the contrary, there appears to be bona fide reasons why the two-years statute is both sensible and reasonable. When one looks to the policy and purposes behind the Act, KRS 304.39–010, it is evident that the legislature intended to encourage those injured in auto accidents to look first to their no-fault benefits and then pursue a tort claim if necessary. This approach presupposes the need for a longer statute of limitations, regardless of whether the tort claim to be pursued is against a motorist or a nonmotorist.

Further, there are a number of situations where the victim of an automobile accident has multiple claims against different classes of litigants. For instance, from the same accident caused by a brake failure, an automobile victim may have claims against a motorist, a garage repairman, and an automobile manufacturer. There are obvious inconsistencies and litigation problems that would be created if we were to interpret MVRA to carve out a different statute of limitations in the claim against the motorist than would apply against the repairman or manufacturer.

■ But the fundamental question is not which statute is preferable. Instead we are required to give the words of the statute written by the legislature their plain meaning. To do so restricts us from adding restrictive language to KRS 304.39–230(6) where it does not now exist. The literal language of this Section of the statute covers any "action for tort liability not abol-

ished by KRS 304.39–060," not just one "against the owner, registrant, operator or occupant of a motor vehicle," as appellee contends.

This phrase borrowed from KRS 304.39–060(2)(b) describes the class of persons against whom a cause of action exists only upon the existence of certain threshold requirements. Tort liability is not abolished as to these persons, but limited.

The word "abolished" appears only in subsection 2(a) of KRS 304.39–060, and there only in the context that tort liability is "abolished ... to the extent the basic reparation benefits provided in this subtitle are payable therefor ..." As stated in *Fann v. McGuffey, supra,* at p. 774:

"KRS 304.39–060(2)(a) and (b) lack some degree of clarity, partially because, it is said, subsection (b) was lifted out of context from the Florida statute.... (T)he statute says only that unless the threshold requirement is satisfied there can be no recovery of these particular, enumerated elements of damage. If the threshold is met, there is no limitation on the kind or amount of damages recoverable over and above the BRB paid or payable to the plaintiff."

 Thus viewed, the only actions for tort liability abolished by Section .060 of MVRA are those against "the owner, registrant, operator or occupant of a motor vehicle with respect to which security has been provided as required" by the Act. Against all other persons, motorists and nonmotorists, the "action for tort liability" is not abolished, and, as provided in KRS 304.39–230(6), action against such persons "may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever occurs later."

Recently, in *Floyd v. Gray,* Ky., 657 S.W.2d 936 (1983), we decided that a claim for loss of consortium is an "independent cause of action" on behalf of the spouse of a person injured in an auto accident, not "within the purview" of MVRA and governed by the general one-year statute of limitations for such claims. The distinction between the present case and *Gray* is that in *Gray* it was the *plaintiff* and not the *defendant* who was a nonmotorist.

 The purview of the Act is motor vehicle accident victims. In *Gray* we decided that strictly speaking the wife of a victim was not, herself, an accident victim, and not within the class whom the Act was designed to protect. By the same reasoning, here the plaintiff *is* the victim of the motor vehicle accident and *is* within the class whom the Act is designed to protect, regardless of whether the tortfeasor is a motorist or a nonmotorist.

The judgment of the trial court and the Court of Appeals is reversed, and the cause remanded to the trial court for further proceedings consistent with this decision.

All concur.