Clyde Lee **GOODIN**, Sr., Plaintiff,

v.

**OVERNIGHT TRANSPORTATION CO., Defendant.**

Supreme Court of Kentucky.

Dec. 19, 1985.

William A. Hayes, Middlesboro, Lowell Lundy, Barbourville, for plaintiff.

J. Warren Keller, London, John G. Prather, Somerset, for defendant.

LEIBSON, Justice.

The Hon. Eugene E. Siler, Jr., Chief Judge, United States District Court, Eastern District of Kentucky, certifies to us for resolution the following question of law presently at issue in his court:

"Does the term 'Use of a Motor Vehicle' as defined in KRS 304.39–020(6) include within its definitional parameters the unloading of the trailer of a hitched but parked semi truck, where the injury occurs while inside said trailer to an individual who is unloading same."

The Certification Order further specifies as *"RELEVANT FACTS"*:

"At the time of the injury here in question, Plaintiff was unloading goods from the inside of an unlit tractor-trailer when he stepped through a hole in the trailer bed. The hole in question had been covered by a board which, unbeknownst to the Plaintiff, had been removed by the driver of the truck to enable the goods heretofore mentioned to be removed."

KRS 304.39–020 provides "Definitions" to be utilized in administration of Subtitle 39, the "Motor Vehicle Reparations Act (MVRA)." KRS 304.39–020 provides in pertinent part:

"(6) 'Use of a motor vehicle' means any utilization of the motor vehicle as a vehicle including occupying, entering into and alighting from it. It does not in-

clude ... (ii) conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

(7) 'Motor vehicle' means any vehicle which transports persons *or* property...." (Emphasis Added.)

Thus the term "utilization of the motor vehicle as a vehicle" as used in KRS 304.39–020(6) includes as a primary purpose the transportation of property. Defendant is alleged to have negligently conducted this activity.

We glean from the Brief for Defendant and the plaintiff's original Complaint which was filed therewith as an "Appendix," that the answer to the question presented is important in the resolution of the pending case because the Complaint was filed ten days late if the one year statute of limitations for personal injury actions as provided in KRS 413.140 applies, but timely if two years as authorized by the MVRA applies. KRS 304.39–230(6) provides:

"An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs."

In the present case the defendant argues the legislature did not *intend* the two year statute of limitations in MVRA to cover the present situation, whereas the plaintiff argues that the statutory language *speaks for itself.* The express words of KRS 304.-39–230(6) cover "an action for tort liability not abolished by KRS 304.39–060" *without limitation.*

We have recently undertaken to interpret KRS 304.39–230(6) in *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984).[1] *Bailey v. Reeves* was a personal injury action arising out of an accident in which the plaintiff's vehicle struck the defendant's cow which had wandered into the road.

---

1. We will assume this is the same case referred to in two places in Plaintiff's Brief as *"Bailey v. Reece,* Ky., 626 S.W.2d 832 (1984)."

The fact situation obviously differs from the present one. However, as in the present case, the defendant contended that the two year statute of limitations prescribed by the MVRA should be given a restricted meaning. We held otherwise, stating:

"We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." 662 S.W.2d at 834.

The fact that in KRS 304.39–020(6) "loading and unloading" is *excepted* from the definition of "use of a motor vehicle" in certain circumstances can mean only that it is an *included* use where the exception does not apply. The statute says the exception does not apply where "the conduct occurs while occupying" the vehicle.

This case is in contrast to *Commercial Union Assur. Companies v. Howard*, Ky., 637 S.W.2d 647 (1982), in which we held KRS 304.39–020(6) did not cover a person injured "while underneath his own truck effecting repairs to the suspension system." This did not qualify as "occupying, entering into, or alighting from" the vehicle. We held that repairing or servicing the motor vehicle was not "utilization of the motor vehicle as a vehicle."

While there is dicta in the *Commercial Union* case referring to the activity of "loading or unloading," this dicta would not apply to one "occupying" the vehicle.

Defendant cites a Court of Appeals opinion, *Clark v. Young*, Ky.App., 692 S.W.2d 285 (1985), involving a person injured when a strap being utilized in the process of securing the tarpaulin on a flatbed trailer snapped loose and struck him in the eye. The Court of Appeals accepted the argument that the place where the injury occurred was "purely fortuitous." We need

not decide whether we agree or disagree with the Court of Appeals' conclusion because the facts differ from the present case.[2]

When we consider the situation of a modern day personal injury victim, confronted with questions of no-fault coverage, first party medical and disability coverage, and workers' compensation insurance, replacing a one year statute of limitations with a two year statute is not unreasonable. As we stated in *Bailey v. Reeves, supra:*

"When one looks to the policy and purposes behind the Act, KRS 304.39–010, it is evident that the legislature intended to encourage those injured in auto accidents to look first to their no-fault benefits and then pursue a tort claim if necessary. This approach presupposes the need for a longer statute of limitations, regardless of whether the tort claim to be pursued is against a motorist or a nonmotorist." 662 S.W.2d at 834.

■ It is reasonable to assume that the legislature intended exactly what it said when it made the two year statute for "an action for tort liability" prescribed in KRS 304.39–230(6) part of the Motor Vehicle Reparations Act, that two years applies to all tort actions not abolished by the Act.[3]

■ In response to the question of law certified to us by the United States District Court, we hold that the term "Use of a Motor Vehicle" as defined in KRS 304.39–020(6) includes within its definitional parameters the unloading of a trailer in the circumstances of this case.

STEPHENS, C.J., and AKER, GANT and LEIBSON, JJ., concur.

WINTERSHEIMER, J., files a separate dissenting opinion in which STEPHENSON, J., joins.

---

2. We note that the Court of Appeals' decision construing KRS 304.39–020(6) in *Clark v. Young, supra* was not germane to the ultimate decision. The Court of Appeals applied the "relation back" language of CR 15.03 to save the cause of action, so that it did not matter whether the one year personal injury statute in KRS 413.140 or the two year statute of limitations in KRS 304.39–230(6) applied.

3. It is limited to accidents involving motor vehicles because it is part of the MVRA and not KRS Chapter 413, the general statute on Limitation of Actions.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the opinion certifying the law in this matter. I do not believe the term "use of a motor vehicle" as defined in KRS 304.39–020(6), includes the unloading of a parked trailer by a worker who is called upon to assist in the unloading.

On August 12, 1983, Goodin assisted in the unloading of merchandise from a trailer owned by Overnight Transportation Company. The trailer was delivering pallets to a facility of the Delaware Powder Company where Goodin worked. The Overnight driver was assisted by four Delaware employees including Goodin. While the last pallet was being unloaded, Goodin entered the unlit trailer and stepped into a hole in the bed of the truck injuring his back.

On August 22, 1984, he filed suit for personal injuries in the United States District Court for the Eastern District of Kentucky based on diversity jurisdiction. Overnight moved to dismiss the federal suit based on KRS 413.140, which provides for a one-year statute of limitations for personal injury actions in Kentucky. Goodin alleges the action is brought under the Motor Vehicle Reparations Act, KRS 304.39–010, which sets out a two-year statute of limitation for personal injury actions arising out of the use of a motor vehicle.

KRS 304.39–020(6), provides in part that the use of a motor vehicle means any utilization of the vehicle as a vehicle but it does not include conduct in the course of loading or unloading the vehicle unless the conduct occurs while occupying, entering, or alighting from it.

In my view the mere use or utilization of a motor vehicle, or in this case the occupying of the vehicle, is not sufficient to bring the conduct within the no-fault law. Goodin must use or utilize the vehicle as a vehicle. The statute expressly excludes two types of conduct from the act, one of which is loading and unloading. The construction given by the majority extends the no-fault law beyond its natural meaning. Obviously, being inside a vehicle to load or unload is not always covered by the no-fault act. Loading and unloading presumably cannot be successfully accomplished without at some point in some manner or fashion occupying, entering into or alighting from the vehicle to be loaded or unloaded. The legislative intent then in including loading or unloading while occupying, entering into, or alighting from a vehicle must be read insofar as such conduct occurs in the use of the motor vehicle as a vehicle. I would not extend coverage to ordinary negligence actions which were not contemplated by the drafters. The unloading herein was not incidental to the use or utilization of a motor vehicle as a vehicle.

The condition of the truck bed inside the vehicle is what apparently caused the injury. As has been previously pointed out by this Court, basic automobile insurance policies are intended to cover driving the vehicle and not repairing or unloading merchandise from it. *See Commercial Union Assurance Company v. Howard*, Ky., 637 S.W.2d 647 at 649 (1982). As noted in that well-reasoned opinion, additional coverage should be provided by appropriate policies intended for those particular purposes. Here, Goodin was provided with Workers' Compensation by his employer and could have brought a personal injury action against Overnight within the one-year statute of limitation. Overnight would be covered under a general liability policy which most businesses its size maintain.

In my opinion this Court has considered this issue and has decided the matter against the Goodin argument. *See Commercial Union, supra.* The *Commercial Union* case was a repair case and not an unloading case, but I believe the legal reasoning expressed in *Commercial Union* was well-founded and sound and can be applied to other situations such as the one presented here.

The Kentucky Court of Appeals in a similar unloading case, *Clark v. Young*, Ky. App., 692 S.W.2d 285 (1985), determined that a warehouse lead man who was injured while unloading pipes onto a flatbed trailer was not covered by the no-fault act.

In that case, it was held that it was merely happenstance that the injury occurred while the workman was standing on the trailer. There the Court explained that standing on the trailer did not amount to occupying, entering into or alighting from a motor vehicle within the no-fault statute.

Therefore I would certify the question that the term "use of a motor vehicle," as defined in KRS 304.39–020(6), does not include the unloading of a parked trailer where the injury occurs inside the trailer to an individual who is unloading it.

STEPHENSON, J., joins in this dissent.