Gary ASHBY and Everett
Ashby, Appellants,

v.

Anna MONEY and Lewis
Allen, Appellees.

Lewis ALLEN, Appellant,

v.

Anna MONEY, Gary Ashby and Everett
Ashby, Appellees.

Supreme Court of Kentucky.

Sept. 25, 1986.

William A. Logan, Logan & Morton, Madisonville, for appellants Gary and Everett Ashby.

John S. Palmore, John S. Hoffman, Palmore & Sheffer, Henderson, R. Lee Money, Whiteland, Ind., for appellee Anna Money.

Jonathan Freed, George R. Effinger, Paducah, for appellant Lewis Allen.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the trial court's summary judgment dismissing the suit because it was filed more than a year after the cause of action arose.

The sole issue is whether the trial court erred in dismissing Money's claim by the application of the one-year statute of limitations, KRS 413.140, rather than the two-year limitations provision contained in KRS 304.39–230(6), the Motor Vehicle Reparations Act.

This action resulted from an automobile accident in Hopkins County, Kentucky and was brought by a nonresident passenger, Money, against the nonresident driver of the vehicle in which Money was riding and the resident driver and owner of the car with which her driver collided. The trial court entered summary judgment in favor of the defendants, Gary and Everett Ashby and Lewis Allen, on the ground that the Motor Vehicle Reparations Act, KRS 304.-39–230(6) was not applicable to Money because she was never provided an affirmative opportunity to reject the limitations of her tort rights contained in the act. *Stinnett v. Mulquin,* Ky.App., 579 S.W.2d 374 (1978) and *Tucker v. Johnson,* Ky.App., 619 S.W.2d 496 (1981) were cited in support of the judgment. Consequently, because

the suit was filed more than one year after the injury, the action was dismissed.

The Court of Appeals reversed the trial court and determined that *Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984) was dispositive. The Court of Appeals concluded that unless it is proven that the nonresident has specifically rejected the limitation of tort rights, the MVRA along with its attendant benefits and restrictions will apply. This Court accepted discretionary review.

The decision of the Court of Appeals is affirmed.

The clear and literal language of the Motor Vehicle Reparations Act extends the statute of limitations to two years for actions with respect to accidents occurring in this state and arising from the ownership, maintenance or use of a motor vehicle when not abolished by the act. The use of a motor vehicle is defined in KRS 304.39-020(6) as any use of a vehicle as a vehicle including occupying, entering or alighting from it. At the time of the accident, Money was occupying the automobile in this state as a passenger. Therefore the plain and unambiguous language of the law includes her within its coverage. There is no reason why the mere fact that Money is a nonresident should change this result. The purview of the act is motor vehicle accident victims. *Bailey v. Reeves, supra.* There is no logical reason to distinguish between residents and nonresidents when the act itself makes no such distinction.

Nonresidents who operate a motor vehicle on Kentucky highways do so subject to the restrictions and regulations related thereto. Passengers who voluntarily use the highways of this state must also be deemed to have accepted the benefits and restrictions of the Kentucky no-fault act unless they have previously filed a rejection.

Unless a rejection of the limitation of tort rights can be demonstrated, the no-fault act applies with all its benefits and restrictions. To hold otherwise would give nonresidents greater rights than are enjoyed by the citizens of Kentucky.

The argument by the appellants that the opportunity to reject the limitations of tort rights is dispositive does not convince us in this case. *Stinnett v. Mulquin* does not apply to this situation. *Stinnett, supra,* reversed a summary judgment dismissing a suit which involved a nonresident automobile accident victim who sought to avoid application of the provisions of the MVRA. *Stinnett* held that a genuine issue of fact existed as to whether the nonresident was provided an affirmative opportunity to reject the limitation on her tort right to sue. In *Stinnett* the insurance company indicated that it had filed with the Commissioner of Insurance a form declaring that all its insurance liability policies, wherever issued, provided BRB coverage to those insureds for accidents occurring in Kentucky and that a rejection form was mailed to those policyholders. Stinnett disputed that critical fact indicating that they were never provided with a rejection form required by Kentucky law. *Stinnett* did not reach the question presented here because it turned on a question of fact relative to a rejection form.

Use of the highway is a primary consideration in the applicability of the MVRA. However, other factual questions may arise as to rejection of coverage and such issues may be litigated in the traditional manner according to law.

The decision of the Court of Appeals is affirmed and the case is remanded for further proceedings in the circuit court.

STEPHENS, C.J., GANT, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., and NEVILLE SMITH, Special Justice, sitting.

STEPHENS, C.J., STEPHENSON, J., and NEVILLE SMITH, Special Justice, concur.

LEIBSON, J., files a concurring opinion in which GANT and VANCE, JJ., join.

LEIBSON, Justice, concurring.

Respectfully, I concur in results, only.

The two-year statute of limitations provided by KRS 304.39–230(6) applies to Money's motor vehicle accident claim in this case for the reasons stated in my Dissenting Opinion in *Hurley v. Downing*, 717 S.W.2d 225 which is to be rendered on the same date as the present case.

GANT and VANCE, JJ., join in this concurring opinion.