**Carolyn HURLEY, Appellant,**

v.

**Raymond H. DOWNING, Appellee.**

Supreme Court of Kentucky.

Sept. 25, 1986.

Edward C. Airhart, P.S.C., Louisville, for appellant.

W. Kennedy Simpson, Stites & Harbison, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which determined that the one-year statute of limitations pursuant to KRS 413.140(1) barred the claim of Hurley to recover damages for personal injury.

The principal issue is whether the two-year statute of limitations under the no-fault act, Motor Vehicle Reparations Act, KRS 304.39–230(6) applies to an injured person who has previously rejected the MVRA.

The accident occurred on May 20, 1980, but the claim was not filed until May 19, 1982. The defense claimed that the suit was barred by the one-year personal injury statute of limitations, KRS 413.140(1). The trial court permitted the case to proceed to a trial by jury and a $1200 judgment was entered on the jury verdict in Hurley's favor. The Court of Appeals reversed the judgment and held that the one-year statute of limitations barred the filing of the suit because Hurley had rejected the no-fault law and elected to pursue a tort remedy.

This Court affirms the decision of the Court of Appeals.

Prior to the accident, Hurley rejected the limitations on her tort rights and liabilities under the no-fault act effective December 21, 1977. She signed and filed with the Kentucky Department of Insurance a no-fault rejection form. The effect of this rejection was the full retention of her tort

rights and liabilities. KRS 304.39–060(7). Hurley was not covered by the no-fault MVRA at the time of the accident because of her rejection of its coverage.

Hurley rejected no-fault benefits and therefore voluntarily removed herself from the application and coverage of the act. An individual cannot reject the burdens of the act and still retain the benefits. The no-fault law did not repeal the general statute of limitations on personal injuries. "Only the limitation of time for the filing of personal injury suits under the no-fault act has been changed." *Everman v. Miller,* Ky.App., 597 S.W.2d 153 (1979) (disc. rev.den. May 6, 1980.)

*Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984) is not applicable to this situation because Hurley rejected coverage of the MVRA. The option to reject the no-fault act is the cornerstone of the inclusion in the legislative enactment which limits the right of suit guaranteed by the Kentucky Constitution § 54. The right to reject has an important role in the constitutionality of the MVRA itself. *See Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975). The no-fault act abolishes tort liability from a motor vehicle accident for those who have not rejected "no fault." Kentucky is unique because it allows an individual an opportunity to refuse to consent to the limitation of his tort rights and liabilities. KRS 304.39–060.

The policy and purposes of the no-fault act are to encourage those injured in automobile accidents to look first to their no-fault benefits, if any, before filing a tort claim. *Bailey* at 834; KRS 304.39–010.

*Bailey, supra,* observed that the words of the statute must be given their literal meaning unless to do so would lead to an absurd or unreasonable conclusion. Application of the two-year statute of limitations in a case where the claimant has rejected the act itself would lead to exactly such an absurd and unreasonable result.

Hurley was able to recover $1200 in damages even though the threshold of the no-fault act had not been met. It would be patently unfair to allow the claimant to reject the burdens of the no-fault acts threshold but at the same time retain the benefits of the act, a longer statute of limitations. The clear intent of the no-fault act is to allow automobile owners and those who are subject to the act additional burdens *unless* a rejection of the limitation of its tort rights and responsibilities is filed. *See Atchison v. Overcast,* Ky.App., 563 S.W.2d 736 (1977). One cannot reach into a statute and pluck out only the portion which is most favorable to his cause. *Everman, supra.*

*Bailey* states that the purview of the act is motor vehicle accident victims. When Hurley rejected the act, she was not a victim. She was an individual who had the opportunity to select between the act and the traditional tort remedy. She chose to reject the act. Consequently she is not covered by any of the rights or responsibilities connected to the act by her own choice.

This is a situation in which a cause of action is not foreclosed by Section 304.39–060 of the no-fault statute but rather the threshold requirements of the applicability of the act are never reached because of the rejection.

The exact language of KRS 304.39–230(6) states that "an action for tort liability not abolished by KRS 304.39–060" is governed by the two-year statute. This is not such a situation because of the fact of rejection.

It is the holding of this Court that the action filed more than one year after the accident is barred by the statute of limitations set out in KRS 413.140(1) because the claimant had, prior to the accident, rejected the coverage afforded by the MVRA, or no-fault act. Therefore KRS 304.39–230(6), which is the two-year statute of limitations provided for in the MVRA does not apply.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., GANT, LEIBSON, STEPHENSON, VANCE and WINTER-SHEIMER, JJ., and NEVILLE SMITH, Special Justice, sitting.

STEPHENS, C.J., STEPHENSON, J., and NEVILLE SMITH, Special Justice, concur.

LEIBSON, J., dissents by separate opinion, in which GANT and VANCE, JJ., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. The Majority Opinion errs for two critical reasons: (1) It is squarely in conflict with the statutory language in the Motor Vehicle Reparations Act (MVRA), KRS 304.39–010–304.39–340. (2) It is squarely in conflict with our recent, unanimous decision in *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984).

Carolyn Hurley did not "remove herself from the application" of the Motor Vehicle Reparations Act when she executed a Rejection Form refusing coverage for no-fault benefits. On the contrary, the MVRA applies alike to everyone who uses a motor vehicle on the public roads in Kentucky. The Act provides, in no uncertain terms, that "any person" who "uses a motor vehicle on the public roadways of this Commonwealth" is, "as a condition of such ... use," "deemed to have accepted the provisions of this subtitle (the MVRA)." KRS 304.39–060(1). This can only mean *every* "person" and *all* "provisions."

One among the provisions of this subtitle is KRS 304.39–230(6), which provides in pertinent part that "[a]n action for tort liability *not abolished by KRS 304.39–060*, may be commenced not later than two (2) years after the injury." (Emphasis added). "An action for tort liability" is "not abolished by KRS 304.39–060" except when it meets certain specified criteria. Under § 39.060 an "action for tort liability" is "abolished" when, and only when, it is an action brought by or on behalf of a person who has *not* exercised his right to reject no-fault coverage (a) to recover for items of damages covered by "basic reparation benefits [KRS 304.39–060(2)(a)]" *or* (b) to recover for "noneconomic detriment" (further defined as "damages in tort for pain, suffering, mental anguish and inconvenience"), caused by an injury which fails to exceed the threshold [KRS 304.39–060(2)(b)].

*No other* aspect of "tort liability" is "abolished" by KRS 304.39–060. Thus the two-year statute of limitations provided in KRS 304.39–230(6) applies perforce to all other motor vehicle accident victims, including Carolyn Hurley. Her cause of action has not been "abolished" by KRS 304.39–060.

The Court of Appeals, and now our Court, has elected to rewrite the MVRA, at least insofar as the statute of limitations provision is concerned, to provide that when a person exercises the statutory right to reject coverage for basic reparations benefits (BRB coverage), she has "voluntarily removed herself from the application and coverage of the Act." Slip op., p. 2. It could be said with equal force (and equal absurdity) that a person who signs a no-fault coverage rejection form is removed from the compulsory liability insurance provision of the Act (KRS 304.39–110) or the right to obtain underinsured motorist coverage provided for in the Act (KRS 304.-39–320). Obviously, such is not the case.

In KRS 304.39–060 the Act specifies that the *only* effect of filing the Rejection Form (provided for in 304.39–060(4)–(6)) is: (1) "full retention by the individual of his tort rights and his tort liabilities [.060(7)]" and (2) "[n]o person who has rejected the tort limitations under this section ... may collect basic reparations benefits [.060(8)]."

The car owner who elects to reject no-fault benefits and retain unrestricted tort rights for himself and his family is still required by the Act to pay for and provide basic reparation benefits for other passengers in his car. KRS 304.39–080(5). Thus, the consequences of signing the Rejection Form are strictly limited to those expressly specified, which does *not* include giving up the two-year statute of limitations mandated for all motor vehicle accident victims by § 304.39–230(6).

Simply stated, the effect of filing the form rejecting BRB coverage is limited to what is provided by the terms of the Act, no more and no less. The majority opinion

changes the statutory language in the MVRA from what it says to what a majority of this Court believes that the Act should say. As stated by Wilhoit, J., in dissent to the Court of Appeals' Opinion in this case, an opinion which the majority of our Court has now mistakenly embraced as its own, this "effort to amend the statute to say what the majority believes it should say is beyond our authority."

It is this Court, not the General Assembly, that has decided that the two-year statute of limitations for motor vehicle accident victims provided by the MVRA should not apply to those persons who sign the Rejection Form electing to reject coverage for BRB benefits and retain the right to sue the tortfeasor without limitations. Such persons are exercising their statutory right to reject BRB coverage. The majority opinion does not, and cannot, point to any provision in the Act to justify their decision that the two-year statute of limitations does not apply to such persons. We baldly announce that "Hurley rejected no-fault benefits and therefore voluntarily removed herself from the application and coverage of the Act," that "[i]t would be patently unfair to allow the claimant to reject the burdens of the no-fault acts (sic.) threshold but at the same time retain the benefits of the act, a longer statute of limitations."

The Act says no such thing in any of its provisions. It is the majority of this Court, not the General Assembly, who has decided that those persons who elect to reject BRB coverage and retain their right to sue in tort without limitations should be denied the two-year statute of limitations, punished for electing the option which the statute provides without penalty.

As stated at the outset, the Majority Opinion in the present case is also squarely in conflict with our recent, unanimous decision in *Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984).

In *Bailey,* we held:

"[T]he literal language of the MVRA extends the statute of limitations to two years for actions 'with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance or use of a motor vehicle,' when not 'abolished' by the Act." 662 S.W.2d at 833.

Carolyn Hurley's cause of action fits within this decision. Yet we hold that the two-year statute of limitations provided in the Act does not apply to her.

In *Bailey* we state:

"[W]e are required to give the words of the statute written by the legislature their plain meaning. To do so restricts us from adding restrictive language to KRS 304.39–230(6) where it does not now exist." 662 S.W.2d at 834.

In the present opinion we add "restrictive language to KRS 304.39–230(6) where it does not now exist."

Our decision in *Bailey v. Reeves, supra,* recognizes that "[t]he purview of the Act is motor vehicle accident victims." Here we hold Carolyn Hurley, who was a motor vehicle accident victim, is not within the "purview of the Act."

*Bailey v. Reeves, supra,* was cited and followed in *Goodin v. Overnight Transp. Co.,* Ky., 701 S.W.2d 131 (1985). In *Goodin,* the claimant was injured while unloading a trailer attached to a parked truck when he stepped through a hole in the trailer bed. The activity of "loading and unloading" while "occupying" a vehicle is included within the term "use of a motor vehicle" as defined in the MVRA. KRS 304.39–020(6). Therefore, the two-year statute of limitations prescribed in KRS 304.39–230(6) extended to this tort claim.

In *Goodin,* we stated:

"It is reasonable to assume that the legislature intended exactly what it said when it made the two year statute for 'an action for tort liability' prescribed in KRS 304.39–230(6) part of the Motor Vehicle Reparations Act, that two years applies to *all* tort actions not abolished

by the Act." (Emphasis added). 701 S.W.2d at 133.[1]

The *Goodin* case is neither distinguished nor overruled by the present opinion. Longstanding, well recognized principles of opinion writing, of precedent and consistency, require dramatic and compelling reasons, fully explained, before discarding a precedent so recently announced.

The majority opinion is also contrary to *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975), the landmark case deciding the constitutionality of the MVRA and interpreting its provisions. In *Fann* we interpreted the two-year statute of limitations provided by KRS 304.39–230(6) to apply to any "action for tort recovery *not foreclosed* by KRS 304.39–060." (Emphasis added). 534 S.W.2d at 775. Carolyn Hurley's cause of action in the present case is "not foreclosed by KRS 304.39–060." If we intend to follow *Fann v. McGuffey, supra,* the two-year statute of limitations must necessarily apply. Again, if we propose not to follow *Fann v. McGuffey, supra,* we should say so and explain why.

The one-year personal injury statute of limitations, KRS 413.140(1)(a), which the Majority holds applicable in the present case, is a *general* statute of limitations "for an injury to the person of the plaintiff." It does not speak to motor vehicle accidents, and, indeed, it is so old that it may well have pre-existed the advent of the automobile. KRS 304.39–230(6) is a *specific* statute of limitations, part of a comprehensive, integrated code (the MVRA) applicable to the rights and liabilities of motor vehicle accident victims. It is axiomatic that a specific statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitations are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable. All of

these basic considerations have been disregarded by the Majority Opinion.

The Majority Opinion is fashioned entirely from the conclusion, arrived at intuitively, that to give the "words of the statute" their "literal meaning" would "lead to" an "absurd or unreasonable result."[2] Majority op., p. 226. The majority's conclusion is purely subjective. It could be said with greater force that it is an "unreasonable result" to have two different statutes of limitations for persons injured in motor vehicle accidents since both classes of victims have claims equally valid under the law.

Indeed, § 59(5) of our Kentucky Constitution forbids special legislation establishing a different statute of limitations for a particular class of persons when the classification is arbitrary and without justification. Here it is our Court, not the legislature, establishing a seemingly arbitrary classification and a special statute of limitations. Regardless of whether a statute of limitations is enacted by the legislature or created by court interpretation, it should comply with § 59 of the Constitution.

In a companion case to the present one, which is to be rendered on the same date as the present case, styled *Ashby v. Money*, 717 S.W.2d 223, we have decided that the two-year statute of limitations applies to the tort claims of a nonresident injured in a motor vehicle accident on the highways of Kentucky who had not accepted coverage for no-fault (BRB) benefits, because she was never provided an affirmative opportunity to reject the limitations of her tort rights. We hold that she is covered by the Act, and by the two-year statute of limitations, as one who "uses a motor vehicle on the public roadways of this Commonwealth," and, therefore, is "deemed to have accepted the provisions of [the MVRA]." KRS 304.39–060(1). There is no articulable distinction justifying application of the two-year statute of limitations in the *Ashby*

---

**1.** "[L]imited to accidents involving motor vehicles because it is part of the MVRA and not KRS Chapter 413, the general statute on Limitations of Actions." *Goodin, supra* at 133, n. 3.

**2.** The correct rule is: "We have a duty to accord to words of a statute their literal meaning un-

less to do so would lead to an absurd or *wholly* unreasonable conclusion." *Bailey v. Reeves, supra,* 662 S.W.2d at 834. This is a much narrower rule than one permitting our Court to disregard statutory language because it is arguably unreasonable.

case, and denying its application in the present case. In *Ashby v. Money* we hold that *Bailey v. Reeves, supra*, is dispositive. *Bailey* is equally dispositive in the present case. *Ashby v. Money* reaches a correct result, but for the reasons stated in this Dissenting Opinion.

The statute, KRS 304.39–230(6), applies to this case. *Fann v. McGuffey, Bailey v. Reeves* and *Goodin v. Overnight Transp. Co.*, apply to this case. Thus, we should feel bound by both statute and precedent to apply the two-year statute of limitations to Carolyn Hurley's claim.

Two different statutes of limitations for motor vehicle victims is contrary to statute, to case law and to common sense. This discriminates against those citizens who, acting in a perfectly lawful manner, elect to reject BRB coverage and retain their tort remedy without limitations.

GANT and VANCE, JJ., join in this dissenting opinion.