Johnny W. TROXELL, Appellant,

v.

Tommy TRAMMELL, Appellee.

Supreme Court of Kentucky.

May 21, 1987.

Tim Lavender, Whitley City, for appellant.

Robert L. Milby, London, for appellee.

Douglas Lamb, Louisville, for amicus curiae.

LEIBSON, Justice.

This case arises out of a motor vehicle accident that occurred on July 13, 1983, on a public highway in McCreary County, Kentucky, when a motorcycle owned and operated by the plaintiff/appellant collided with a pickup truck operated by the defendant/appellee.

The appellant filed his complaint on October 5, 1984, more than one year, but less than two years, after the date of the accident. The trial court sustained a motion to dismiss the action as barred by the one year limitation of actions provision in KRS 413.140(1)(a), the general personal injuries limitation statute. The appellant contends that his complaint was timely filed because it was filed within the two year period provided in the "Motor Vehicle Reparations Act ("MVRA")," which is "Subtitle 39" to KRS Chapter 304. Section –230 of the MVRA is styled *"Limitations of actions"* and –230(6) specifies in pertinent part: "An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury."

The trial court was of the opinion that a "motorcycle is not subject to the provisions of the MVRA," and therefore the one year

general personal injury limitations statute applied. The Court of Appeals affirmed holding that "unless by appropriate proof the operator or passenger on a motorcycle shows he has acquired optional coverage entitling him to basic reparation benefits, he is excluded from the operation of the no-fault act." [1]

It is conceded on this appeal that the appellant had no "basic reparation benefits ("BRB")" insurance coverage (defined in –020(2)) and filed no written rejection of limitations on his tort liability (provided for in –060(5) and (6)). Nevertheless he claims tort liability for injuries and damages exceeding the threshold provisions in the Act.

Once again we are confronted with the question of whether the two year statute of limitation for an "action for tort liability" provided in the MVRA applies to all motor vehicle accident victims or only to those who elect to purchase what the Act designates as "basic reparations benefits."

Our cases of recent vintage confronting the issue have taken off in two opposite directions.

On the one hand, *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 833 (1984) and *Goodin v. Overnight Transportation Co.*, Ky., 701 S.W.2d 131 (1985) have applied the two year statute of limitation based on the "literal language" of the MVRA, which states that the two year statute of limitation provided in the Act applies to "[a]n action for tort liability *not abolished* by –060." (Emphasis added.) Section –060 "abolished" [2] tort liability in only two instances which are clearly defined and narrowly limited in that section. Section –060 provides that an "action for tort liability" is "abolished" when (and only when) it is an action brought by or on behalf of a person who has *not* exercised his right to reject as permitted by –060(4) & (5), and *then* it is " 'abolished' ... to the extent" it seeks to recover for:

(a) items of damages covered by "basic reparation benefits" (KRS –060(2)(a)); *or*

(b) "non-economic detriment" (further defined as "damages in tort for pain, suffering, mental anguish and inconvenience") caused by an injury which fails to exceed one of enumerated thresholds (KRS 304.-39–060(2)(b)).

No other aspect of "tort liability" is "abolished" by KRS 304.39–060. Thus the two-year statute of limitations provided in KRS 304.39–230(6) applies perforce to all other causes of action in tort for motor vehicle accident victims.

On the other hand, *Hurley v. Downing*, Ky., 717 S.W.2d 225 (1986) and *Ashby v. Money*, Ky., 717 S.W.2d 223 (1986) have held that the two-year statute of limitation in the Act does not apply to a motor vehicle accident victim who has failed to obtain BRB coverage and has rejected the accompanying limitations on his tort recovery, except where the victim is an out-of-state resident temporarily in transit on our Kentucky highways. The reasoning in *Hurley* and *Ashby* is that the victim who has failed to obtain BRB coverage and has elected to reject the limitations on his tort liability has "removed" himself from "the purview of the Act."

█ These two diverse lines of authority cannot be reconciled. Either tort liability to motor vehicle accident victims not covered by "BRB" is nevertheless covered by the two-year statute of limitations in –230(6), or it is not. The statute as written provides two years, not one. By so holding we are applying the statute exactly as written. To the extent that *Hurley v. Downing* and *Ashby v. Money, supra*, state otherwise, they are overruled.

Those persons within this state covered by a statute cannot reject the application of that statute to their situation unless the words of the statute provide for rejection.

1. The term "no-fault act" is technically a misnomer. The MVRA provides legislation applicable to motor vehicle accident victims including payment of "basic reparation benefits" (defined in § –020(2)) in certain circumstances, but nowhere does it use the term "no-fault," "no-fault

act, or "no-fault benefits" as such, not in its title and not in its provisions.

2. The term "abolished" is set out in quotation marks in –060(2)(a) indicating that it is a term of art to be understood in the context in which it is explained in that section.

The words of the MVRA permit the individual to reject BRB coverage and the limitations on tort liability that go with such coverage, but none of the other provisions of the Act.

The MVRA applies alike to everyone who uses a motor vehicle on the public roads in Kentucky. The Act provides, in no uncertain terms, that "any person" who "uses a motor vehicle on the public roadways of this Commonwealth" is, "as a condition of such ... use," "deemed to have accepted the provisions of this subtitle [the MVRA]." KRS 304.39–060(1). This can only mean "any person" and all "provisions."

This necessarily includes motorcyclists, because:

(1) KRS 304.39–020(7) defines "motor vehicle" as "any vehicle which transports persons or property upon the public highways of the Commonwealth, propelled by other than muscular power," with certain specified exceptions which do *not* include motorcycles.

(2) The Act has several provisions expressly applicable to motorcycles, and to motorcycle owners, operators and passengers, viz.: –060(2)(c) & (9), and –040(3), none of which specify a different statute of limitations for motorcycle accident victims, directly or indirectly.

(3) The Motor Vehicle Reparations Act is remedial legislation for motor vehicle accident victims much broader than just basic reparations (or no-fault) benefits. Among other things, it also provides for compulsory liability insurance (§ –110) and underinsured motorist coverage (§ –320), both of which are provisions that still apply whether or not the insured rejects no-fault coverage.

▪ The MVRA applies to motorcycles the same as it applies to all motor vehicles, in the same manner and to the same extent, except where the Act specifies otherwise.

Contrary to the Court of Appeals' opinion, § –040(3) does not provide that a motorcyclist who fails to acquire optional coverage entitling him to basic reparation benefits is excluded from the operation of the MVRA. This section is confined to denying a motorcyclist the right to receive payment of "basic reparation benefits from any source" unless "purchased as optional coverage for the motorcycle." This section says nothing about denying the motorcyclist any other provisions of the Act. It says nothing about denying a motorcyclist who has a cause of action in tort the two year statute of limitations provided in § –230(6) of the Act.

The Court of Appeals' opinion makes reference to certain commentary on the purposes of the "Uniform Motor Vehicle Reparations Act" as set out in the Uniform Laws Annotated. The Uniform Act differs fundamentally from our Kentucky Act both in substance and approach. Those differences are so substantial that in compiling footnotes to the Uniform Act the annotators do not cross reference to our Kentucky Act, instead noting that Kentucky's Act "contains numerous variations, omissions and additional matter which cannot be clearly indicated by statutory notes." 14 U.L.A. 1 (West Supp.1986).

In writing our MVRA the General Assembly started with the assumption that the Uniform Act would violate the Kentucky Constitution and, therefore, adopted an optional approach to requiring no-fault benefits. *See Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975). It then drafted an Act different in terms and broader in subject matter.

In *Bailey v. Reeves, supra* at 833–34, we stated:

"[T]he literal language of the MVRA extends the statute of limitations to two years for actions 'with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance or use of a motor vehicle,' when not 'abolished' by the Act."

. . . .

"We are required to give the words of the statute written by the legislature their plain meaning. To do so restricts us from adding restrictive language to KRS 304.39–230(6) [the two-year statute

of limitations] where it does not now exist."

The appellant's cause of action fits squarely within the language of the Act and the holding in *Bailey v. Reeves.* In the present case we cannot add "restrictive language to KRS 304.39–230(6) where it does not now exist."

Our decision in *Bailey v. Reeves* recognizes that "the purview of the Act is motor vehicle accident victims." The appellant makes his claim as a motor vehicle accident victim, and as such he is within the "purview of the Act." 662 S.W.2d at 835.

In *Goodin v. Overnight Transportation Co., supra* at 133 we stated:

"It is reasonable to assume that the legislature intended exactly what it said when it made the two year statute for 'an action for tort liability' prescribed in KRS 304.39–230(6) part of the Motor Vehicle Reparations Act, that two years applies to all tort actions not abolished by the Act."

*Bailey v. Reeves, supra,* is consistent with the express language in the principal case interpreting our MVRA, *Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975), which states that "[a]n action for tort recovery *not foreclosed* by KRS 304.39–060 must be commenced within two years." *Id.* at 775. It is also consistent with *Tucker v. Johnson,* Ky.App., 619 S.W.2d 496 (1981), which denied the contention "that KRS 304.39–230(6) limits the commencement of only those actions brought under no-fault," and held that the claimants had two years to sue where "the damages allegedly exceeded the statute threshold." *Id.* at 496, 497.

The one-year personal injury statute of limitations, KRS 413.140(1)(a), is a *general* statute of limitations "for an injury to the person of the plaintiff." It does not speak to motor vehicle accidents as such, and, indeed, it is so old that it may well have preexisted the advent of the motor vehicle. On the other hand, KRS 304.-39–230(6) is a *special* statute of limitations, part of a comprehensive, integrated code (the MVRA) applicable to the rights and liabilities of motor vehicle accident victims. Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable. Thus the statutory language in KRS 304.39–230(6) applies rather than the statutory language in KRS 413.140(1)(a) in the present situation where the cause of action is both a motor vehicle accident and a personal injury claim.

The appellee claims that the question of legislative intent should be addressed as an equitable issue and not a legal one, that the two year statute is a reward for those who purchase coverage for basic reparations benefits and the one year statute a punishment for those who reject it. The straightforward answer to this claim is that the Motor Vehicle Reparations Act does not so provide. But, in any event, there is no reason to assume that the General Assembly intended that there should be two different statutes of limitations for motor vehicle accidents. It is particularly unlikely that the General Assembly intended to provide such a sanction against a motorcyclist who has not opted to obtain BRB coverage, because it is evident from the various provisions of the Act specially relating to motorcycles, previously noted in this opinion, that the General Assembly did not seek to encourage motorcycle owners to buy BRB coverage. If anything, the reverse is true. An argument hypothesizing a two-year statute of limitations as a "carrot" to encourage buying BRB coverage with the one-year statute as a "stick" for those who reject it, would require the reverse premise for motorcycle coverage. Particularly as to a motorcyclist, the argument based on assumptions about legislative intent is empty phrases.

The decision of the Court of Appeals is reversed. The judgment of the trial court is set aside and the case is remanded to the trial court for further consideration on the merits.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON and VANCE, JJ., concur.

STEPHENSON, J., dissents.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because the broad sweep of the majority opinion erroneously provides fertile soil for the total erosion of the clear language of the legislature on this question.

The issue is whether the one-year personal injury statute or the two-year motor vehicle reparations act limitation applies to a cause of action arising from injuries received in a collision between a motorcycle and a pickup truck.

This appeal is from a decision of the Court of Appeals which affirmed the judgment of the circuit court which had dismissed the complaint because it was barred by the one-year statute of limitations as provided in KRS 413.140.

In this Court the case has endured a tortured existence. On November 26, 1986, the Court of Appeals decision was affirmed by an equally divided court. One of the justices, who has since retired, did not sit on the case because he had served on the Court of Appeals panel which had reviewed the matter. Reconsideration, as distinguished from rehearing was granted on January 12, 1987, and the new majority opinion has now emerged.

The decision of the Court of Appeals should be affirmed because the plain literal language of KRS 304.39–040(3) of the No Fault Act excludes operators and passengers on motorcycles from receiving basic reparations benefits unless optional coverage has been purchased. The statute provides that *notwithstanding* any other provisions of the act, no operator or passenger on a motorcycle is entitled to basic reparations benefits unless such benefits have been purchased as optional coverage.

Notwithstanding is a common English word easily understood by the general public and defined by the dictionary as meaning in spite of or nevertheless. The meaning and the manner of use employed in the statute is abundantly clear and totally unambiguous. Here, it introduces certain conditions placed on motorcycle operators and passengers.

Therefore, it was the responsibility of Troxell to make a proper showing of coverage in order to place himself within the protection of the MVRA and its two-year statute of limitations.

*Floyd v. Gray*, Ky., 657 S.W.2d 936 (1983) requires that a case must fall within the purview of the MVRA in order to be subject to the two-year limitations provisions. The nofault act is of statutory origin. The legislative enactment giving rise to it must be literally followed. The MVRA has been interpreted with literal statutory language. *See Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

*Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984) is not applicable to this situation. In that case a collision between a truck and a cow held that the owner of the cow was subject to the two-year statute. Neither the cow nor its owner had a specific statutory exclusion as does the motorcycle operator or passenger. The same distinction is true of *Goodin v. Overnight Transportation Co.*, Ky., 701 S.W.2d 131 (1985).

*Bailey, supra*, reasoned that:

When one looks to the policy and purposes behind the Act, KRS 304.39–010, it is evident that the legislature intended to encourage those injured in auto accidents to *look first to their no-fault benefits* and then pursue a tort claim if necessary. *This approach presupposes the need for a longer statute of limitations* .... (Emphasis added.)

Where, as here, the injured motorcyclist has elected not to purchase BRB, he cannot be encouraged to look first to his no-fault benefits and then pursue a tort claim if necessary. The logical underpinning for the two-year statute of limitations simply does not exist.

It is abundantly clear that KRS 304.39–040(3) creates a statutory exemption for an operator or passenger on a motorcycle and

requires that class of persons to make specific provisions in order to come within the application of the no-fault act.

Among the policies and purposes enumerated by the legislature for the enactment of our no-fault law, KRS 304.39–010 provides that the intent of the act is:

(1) To require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, operation or use of such motor vehicles;

(2) To provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident in order to eliminate the inequities which fault-determination has created;

(3) To encourage prompt medical treatment and rehabilitation of the motor vehicle accident victim by providing for prompt payment of needed medical care and rehabilitation;

(4) To permit more liberal wage loss and medical benefits by allowing claims for intangible loss only when their determination is reasonable and appropriate;

. . . .

Thus the protection afforded by the availability of basic reparation benefits (BRBs) lies at the heart of the no-fault system. As stated in the official commentary to the 1972 Uniform Motor Vehicle Reparations Act, *Uniform Laws Annotated*, Vol. 14 § 3 at 61 (West, 1980): 'The requirement that basic reparation benefits be paid without reference to fault is an explicit statement of that which is implicit throughout this Act.' Therefore one not entitled to BRBs is outside the scope of the no-fault act and not entitled to use its limitations provision.

KRS 304.040(3) is the crux of this appeal. It states:

Notwithstanding any other provisions of this subtitle, no operator or passenger on a motorcycle is entitled to basic reparation benefits from any source for injuries arising out of the maintenance or use of such a motorcycle unless such reparation benefits have been purchased as optional coverage for the motorcycle or by the individual so injured.

This section of the law mandates that, unless by appropriate proof the operator or passenger on a motorcycle shows he has acquired optional coverage entitling him to basic reparations benefits, he is excluded from the operation of the no-fault act. A careful review of the record discloses no such showing in this case, and we must conclude that Troxell does not come within the protection of the no-fault act. The trial judge properly applied the one-year personal injury statute of limitations, KRS 413.-140, to bar the claim and the decision of the Court of Appeals should be affirmed.

The majority also overrules portions of *Hurley v. Downing*, Ky., 717 S.W.2d 225 (1986) and *Ashby v. Money*, Ky., 717 S.W.2d 223 (1986) as they relate to the two-year statute of limitations. This would appear to be a pattern of this Court substituting the word "two" for "one" when it appears in these sections of the law. In my view it is not the function of this Court to substitute one time-frame for the one specified by the legislature. The matter is not open to interpretation. It is clearly a legislative decision.

In *Reda Pump Company v. Finck*, Ky., 713 S.W.2d 818 (1986) this Court said:

We have long adhered to the rule in this jurisdiction that statutes will be construed according to the plain meaning of the words contained in the statute.

In *Burrell v. Electric Plant Board*, Ky., 676 S.W.2d 231 (1984) we applied the rule and held the statute in question must be "held to mean what it plainly expresses." *Id.* at 234.

In *Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247 (1962) we expressed the rule in the following language:

The best way in most cases to ascertain such intent or to determine the meaning of a statute is to look to the language used, . . . . The primary rule is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have

intended but did not express.... Resort must be had first to the words, which are decisive if they are clear.... The words of the statute are to be given their usual, ordinary, and everyday meaning.... *Id.* at 249.

In *Bedinger v. Graybill's Executor and Trustee,* Ky., 302 S.W.2d 594, 599 (1957), we said:

The Courts are bound by statutory law as written and cannot write into it an exception which the Legislature did not make.

The majority tames the twin tigers of logic and mathematics by simple judicial fiat. One of the first principles of jurisprudence is stability in the law. In addition the law should try to reflect common sense. Replacing the word "one" with the word "two" does not comply with either maxim.