**Gene R. MILLER, Jr., Appellant,**

v.

**Beulah P. BARR, Appellee.**

**No. 86–CA–2072–MR.**

Court of Appeals of Kentucky.

Sept. 25, 1987.

Charles G. Wylie, Gess, Mattingly, Saunier & Atchison, Lexington, for appellant.

Oscar H. Geralds, Jr., Geralds, Moloney & Jones, Lexington, for appellee.

Before DYCHE, HAYES and LESTER, JJ.

LESTER, Judge.

This appeal seeks a determination as to whether the owner-operator of a motorcycle who has not purchased the optional coverage providing basic reparation benefits may bring an action against the adverse driver for medical expenses and lost earnings incurred as a result of a motor vehicle accident.

On October 13, 1984, appellee made a left turn into the path of a motorcycle owned and driven by appellant Miller. Ms. Barr was covered under a policy of liability insurance. Mr. Miller was uninsured. Thereafter, appellant sued appellee for damages for pain and suffering and impairment of ability to earn as well as reimbursement for medical expenses and lost earnings. The claims for pain and suffering and impairment of ability to earn were settled. However, the trial court dismissed plaintiff's claim for medical expenses and lost wages which equaled approximately $8,000.

The court below concluded that an uninsured motorist has no greater advantage nor any greater penalty than an insured motorist and held that one who has neither rejected the act nor obtained the optional coverage may not recover the basic reparation benefits (BRB) from any source.

Since the trial court's opinion and order, our Supreme Court has issued *Troxell v. Trammell*, Ky., 730 S.W.2d 525 (1987), which held that the two year statute of limitation for an action for tort liability provided in the MVRA applies to *all* motor vehicle accident victims and not only to those who elect to purchase BRB's. *Id.* at 525. The Court also stated therein that:

The MVRA applies to motorcycles the same as it applies to all motor vehicles, in the same manner and to the same extent, except where the Act specifies otherwise. *Id.* at 527.

The Court went on to hold that KRS 304.-39–040 does not provide that a motorcyclist who fails to acquire the optional BRB coverage is excluded from the operation of the MVRA. *Id.* Rather, that section merely denies the motorcyclist a right to receive payment of 'basic reparation benefits from any source' unless they are purchased as optional coverage. *Id.*

The issue before us, however, has not been specifically addressed in the case law interpreting the MVRA. Is a motorcyclist who is precluded from seeking payment of basic reparation benefits under the act likewise precluded from recovering those medical expenses and lost wages in a common-law tort action?

Appellant concedes that if he had been driving an automobile, he would be precluded from recovering medical expenses and lost wages under *Stone v. Montgomery*, Ky.App., 618 S.W.2d 595 (1981). However, because the act does not 'require' BRB coverage of motorcycle operators, but instead, makes that coverage optional, appellant claims his common-law right to sue for medical expenses and lost earnings has not been abolished. We disagree.

Although the Supreme Court noted that the General Assembly did not encourage motorcycle owners to buy BRB coverage, it also noted that the MVRA applies to motorcycles to the same extent as it applies to all motor vehicles. *Troxell, supra,* at 527. In applying the act then to the question before us, we conclude that the plain and literal language of KRS 304.39–040(3) excludes operators and owners of motorcy-

cles from receiving basic reparation benefits from any source unless purchased as optional coverage.

This intent is further evidenced in KRS 304.39–060(2) which does not limit tort liability for injury to the "passenger" of a motorcycle, recognizing that a passenger does not have the option to purchase "optional" coverage as does the owner/operator.

The original Act provided that all insurance policies would be deemed by law to contain BRB coverage. However, in 1976, the Act was amended as to motorcycle operators so that those persons would be required to pay an additional premium for the coverage and companies could, of course, elect not to sell it. However, our review of the amendment in relation to the original Act persuades us that motorcycles were not removed from the provisions limiting tort rights and tort liability.

The definition of "motor vehicle" remained unchanged and includes motorcycles. KRS 304.39–020(7). The abolition of tort liability remained unchanged. KRS 304.39–060(2)(a). Furthermore, the limitations on liability of an insured driver also remained unchanged. KRS 304.39–060(2)(b). We cannot accept that the intent was to permit an uninsured motorcyclist to reduce a secured persons protection against such claims by his failure to purchase coverage.

In short, an uninsured motorist may sue in tort for noneconomic damages once the threshold is met; however, no part of those damages defined as BRB may be recovered unless they exceed $10,000 and/or the applicable wage loss. *Stone, supra,* at 597. This limitation of tort liability applies regardless of whether the uninsured motorist is operating an automobile or a motorcycle.

The order dismissing appellant's claim for medical expenses and lost wages is therefore affirmed.

All concur.