STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Movant,

v.

Homer HUDSON, Respondent.

No. 88–SC–698–DG.

Supreme Court of Kentucky.

Sept. 7, 1989.

John F. Kelley, Jr., Farmer, Keller and Kelley, London, for movant.

Stephan Charles and James T. Harris, Manchester, for respondent.

STEPHENS, Chief Justice.

Movant State Farm Mutual Insurance Company (State Farm) appeals the Court of Appeals' affirmance of the Jackson Circuit Court's summary judgment finding State Farm liable to plaintiff/respondent Hudson under Kentucky's Motor Vehicle Reparations Act (MVRA).[1] The court below agreed with the trial court that because Hudson's injury occurred during the "use of the motor vehicle," he was entitled to reparations, despite the undisputed fact that Hudson was preparing his log-hauling tractor trailer for unloading at the time of the accident. We reverse.

Hudson was injured when a log rolled off his truck and struck him as he was standing on the ground unfastening a chain in the course of unloading the truck. The tractor trailer was insured under a standard automobile liability policy issued by State Farm; and Hudson filed a claim for reparation benefits. Movant refused payment because Hudson was not using his vehicle as a vehicle at the time he was injured, and further, because he was injured in the course of unloading the trailer, an activity which is specifically excluded from coverage by statute.

Respondent filed suit against State Farm in pursuit of his claim. Finding that Hudson was injured while using his truck, the trial court awarded him $10,000.

Kentucky's MVRA provides the broad scope of automobile liability insurance coverage for parties injured during the use of a motor vehicle.

"If the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits...." KRS 304.39–030(1).

"Use of a motor vehicle" is defined in KRS 304.39–020(6):

" 'Use of a motor vehicle' means any utilization of the motor vehicle as a vehicle including occupying, entering into and alighting from it. It does not include ... conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it." Id. (emphasis added).

■ Under the statutory definition, Hudson was not "using" his vehicle when he was injured because he was engaged in an activity integral to unloading the truck. This conduct is specifically excluded from "use." Thus, respondent was not entitled to recover under the MVRA for his injuries.

We have recognized an exception to the "loading and unloading" exception to "use of a motor vehicle." *Commercial Union Assurance Companies v. Howard*, Ky., 637 S.W.2d 647 (1982). If the conduct occurs "while occupying, entering into, or alighting from" the vehicle it constitutes a "use," even if it is conduct engaged in during loading and unloading. KRS 304.-39–020(6). The court below seized upon the exception to the exception in order to identify Hudson as an "effective occupant" who was permitted to recover.

■ In *Goodin v. Overnight Transportation*, Ky., 701 S.W.2d 131 (1985), we held that a plaintiff injured *inside* a tractor-trailer while unloading the trailer would be entitled to recover because the injury arose from the use of a motor vehicle, his conduct falling within the "occupancy" exception to the "loading and unloading exception" to "use of a motor vehicle." Contrary to the Court of Appeals view, the facts in the case at bar are clearly distinguishable from those in *Goodin*. Plaintiff/respondent Hudson was in no way "occupying, entering into, or alighting from" the insured vehicle. Falling outside the clear language of KRS 304.39–020(6) creating an exception to the "loading and unloading" exception, Hudson's conduct was not a "use" as contemplated by the MVRA.

---

1. KRS 304.39–010—304.39–340.

For these reasons, we reverse the Court of Appeals and the Jackson Circuit Court, and remand the cause to the trial court for proceedings consistent with this opinion.

GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs in a separate concurring opinion.

COMBS, J., dissents.

LEIBSON, Justice, concurring in result.

I concur in the result reached in the Majority Opinion, but I respectfully disagree with some of the reasoning.

In my Dissenting Opinion in *State Farm Mut. Auto. Ins. Co. v. Rains*, Ky., 715 S.W.2d 232 (1986), I stated we have made a "fundamental error" in assigning "meaning to the 'basic reparations benefits' coverage provided by the Motor Vehicle Reparations Act (MVRA)" that presupposes "it is like automobile liability insurance, instead of recognizing it for what it is." *Id.* at 234.

> "The purpose of no-fault insurance, as represented to the General Assembly and the public, is to displace a portion of the liability insurance system with insurance that would provide prompt and efficient payment for medical expenses and loss of income on a first party basis for persons injured while using a motor vehicle." 715 S.W.2d at 235.

In sum, no-fault insurance is medical payment and disability coverage for persons injured while using an automobile, i.e., *positional risk* insurance. As I stated in *Rains*, "it makes no sense to interpret the law" in terms of causal relationship that apply to liability insurance law. Instead, the MVRA should be applied in the same framework as the Workers' Compensation Law. Coverage should be "provided on the basis of *positional risk*, meaning that if the [automobile] puts you in the place where you are injured, you're covered." *Id.*

Nevertheless, even using the positional risk theory, Hudson would not be covered in present circumstances because of the *exception* to coverage in KRS 304.39–020(6). This section excepts from the term "[u]se of a motor vehicle ... conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

Hudson's use of the vehicle at the time he was injured falls within the exception because he was involved in "unloading the vehicle." Unlike the fact situation in *Goodin v. Overnight Transp. Co.*, Ky., 701 S.W.2d 131 (1985), the present circumstances do not fall within one of the exceptions to "unloading" which apply while "occupying, entering into, or alighting from it." KRS 304.39–020(6).

The present fact situation, when contrasted with *Goodin*, serves to emphasize the validity of the "positional risk" theory as an appropriate approach to applying the MVRA. Unfortunately, it also explains why previous decisions of our Court requiring a causal connection between the mechanism producing the injury and the use of a motor vehicle are erroneous.