Charles E. THOMPSON, Appellant,

v.

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.

No. 93–CA–002332–MR.

Court of Appeals of Kentucky.

March 10, 1995.

Edward D. Hays, Thomas M. Weddle, Jr., Sheehan, Barnett & Hays, P.S.C., Danville, for appellant.

Jerry L. Foster, Liberty, for appellee.

Before HUDDLESTON, JOHNSON and McDONALD, JJ.

*OPINION*

HUDDLESTON, Judge.

Charles E. Thompson owns and operates an auto repair business in Liberty, Kentucky. On March 23, 1991, Thompson was examining the carburetor of a 1982 Ford truck with manual transmission owned by Russell Price and driven by his son, David Price. Thompson asked Price to start the engine. Price started the truck by reaching in through the window and turning the ignition key. The truck was in gear and moved forward, running over Thompson. Thompson filed a claim with Farm Bureau Insurance Company, Price's insurance carrier, for basic reparation benefits. Farm Bureau refused to pay the benefits declaring that Thompson's injury fell within the business premises exclusion of Ky.Rev.Stat. (KRS) 304.39–020(6). Casey Circuit Court granted summary judgment to Kentucky Farm Bureau. Thompson appeals the lower court's construction of the exclusion outlined in KRS 304.39–020(6).

The Kentucky Motor Vehicle Reparations Act (MVRA) provides that "[i]f the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits." KRS 304.39–030(1). It is this language that Thompson contends entitles him to benefits. He claims he received an injury as a pedestrian since he was injured by a moving vehicle operated by Price. While an interesting argument, we cannot agree.

Thompson has been a mechanic for some twenty-eight years. He admitted in his responses to Farm Bureau's request for admissions that the injury occurred on his business premises. KRS 304.39–020(6) provides that for purposes of being awarded basic reparation benefits, " '[u]se of a motor vehicle' .... does not include ... conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises...." Therefore, Thompson is not entitled to basic reparation benefits.

In *State Farm Mutual Automobile Ins. Co. v. Rains,* Ky., 715 S.W.2d 232, 234 (1986), the Supreme Court held that the MVRA "provide[s] for payment of benefits, not to all persons who are injured while making use of a motor vehicle, but only to those persons injured while making use of a motor vehicle whose injuries arose out of the use of the motor vehicle." Further, "basic reparation benefits are payable pursuant to KRS 304.39–030(1) and 040(2) only when there is a causal connection between the injuries and the maintenance or use of the motor vehicle." *Id.* Thompson emphasizes that his injuries were proximately and directly caused by Price's use of his truck. While this may be true, the statute precludes recovery because Thompson also falls into the category of a mechanic engaged in the business of servicing or repairing Price's truck.

While the MVRA's purpose is to provide benefits for those injured by a motor vehicle, there are exclusions that narrow the coverage of the statute. In *State Farm Mutual Automobile Ins. Co. v. Hudson,* Ky., 775

S.W.2d 922, 923 (1989), the Supreme Court recognized that not everyone who is injured will receive benefits. Although the Court extended the definition of "use of a motor vehicle" in *Goodin v. Overnight Transp. Co.*, Ky., 701 S.W.2d 131, 133 (1985), to include unloading a trailer, the definition of "use of a motor vehicle" cannot be extended to encompass an injury to a mechanic engaged in the repair of a vehicle on his business premises.

The judgment is affirmed.

All concur.