104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy BROTHERTON, Plaintiff-Appellant,
v.
MAP ENTERPRISES, INC., Defendant-Appellee.
 No. 95-6698.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1996.
 
 Before: MARTIN, Chief Judge; WELLFORD and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Billy Brotherton appeals the district court's order finding that his injuries did not fall within the Kentucky Motor Vehicle Reparations Act (the "Act") and thus were barred by Kentucky's one year statute of limitations for personal injury actions.
 
 I.
 
 2
 On May 24, 1994, Brotherton and a crew were working to remove a dike for their employer, Kentucky Power Company. After they removed the dike, a member of the crew backed up a company truck, which was manufactured by Map Enterprises Inc., to the resulting dirt pile. Brotherton and another crew member then attempted to lower the side rails attached to the truck bed in order to prepare the truck for loading. When Brotherton grabbed the top of the side rail, he was thrown against the truck, injuring his lower back.
 
 
 3
 On May 25, 1995, one year and a day after his injury, Brotherton filed this suit in federal district court. In its answer, Map raised a statute of limitations defense. The parties agreed to resolve the statute of limitations question before reaching the merits of the case. After discovery, Map moved for summary judgment. The district court granted Map's motion, holding that the one-year statute of limitations for personal injury actions found in Ky.Rev.Stat.Ann. § 413.140 (Banks-Baldwin 1996) applied rather than the two-year limitations period of the Act. See Ky.Rev.Stat.Ann. § 304.39-230 (Banks-Baldwin 1996). The court found that Brotherton was in the course of preparing his truck for loading when his injury occurred, that such activity constitutes "conduct in the course of loading and unloading a vehicle," and thus that Brotherton was not engaged in the "use of a motor vehicle" as required by section 304.39-030 of the Act. The district court entered judgment in favor of Map, and this appeal followed.
 
 
 4
 On appeal, Brotherton argues that the district court erred in finding that the Act's two-year statute of limitations did not apply to his case. He offers two alternative rationales for reversing the district court's decision: (1) that he was using a motor vehicle at the time of the accident, and (2) that he was a pedestrian injured in a motor vehicle accident.
 
 II.
 
 5
 Brotherton first argues that his injuries fall within the ambit of the Act's two-year statute of limitations because he was "using" the truck at the time of the accident. The Act specifically covers persons injured while involved in the use or maintenance of a motor vehicle. Ky.Rev.Stat.Ann. § 304.39-030(1) (Banks-Baldwin 1996). The Act, however, defines "use" as "utilization of the motor vehicle as a vehicle" and excludes from this definition "conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it." Ky.Rev.Stat.Ann. § 304.39-020(6) (Banks-Baldwin 1996).
 
 
 6
 Given this statutory language, it is apparent that Brotherton, who was preparing to load the truck at the time he was injured, cannot take advantage of the Act's statute of limitations on the ground that he was a "user" of a motor vehicle at the time of his accident. The factually analogous case of State Farm Mutual Automobile Insurance Co. v. Hudson, 775 S.W.2d 922 (Ky.1989) is controlling on this issue. In that case, the Kentucky Supreme Court held that Hudson, who was injured when struck by a log that rolled off his truck as he was standing on the ground unfastening a chain, was not "using" the truck. The court found that Hudson was injured while engaged in an activity "integral" to unloading the truck and that such conduct is specifically excluded from "use" by the "loading and unloading" exception. Id. at 923.
 
 
 7
 An application of State Farm to the facts of the present case demonstrates that Brotherton is also barred by the loading and unloading exception. At the time of his injury, Brotherton was pulling down the side rails to facilitate shoveling dirt onto the truck bed. He was thus injured while performing an activity "integral" to loading the truck, and such activity is specifically excluded from the Act's "use of a motor vehicle" definition by the loading and unloading exception. Brotherton cannot, therefore, qualify for the Act's two-year statute of limitations on the theory that he was using a motor vehicle at the time of his injury.
 
 
 8
 Brotherton cites Goodin v. Overnight Transportation Co., 701 S.W.2d 131 (Ky.1985), as support for the proposition that he satisfies the "occupancy" exception to the loading and unloading exception contained in Ky.Rev.Stat.Ann. § 304.39-020(6) (Banks-Baldwin 1996). This argument fails, however, because the plaintiff in Goodin was injured while inside a truck, and therefore satisfied the occupancy exception to the loading and unloading exception. Goodin, 701 S.W.2d at 132-33. In contrast, Brotherton was injured while standing outside of the truck, and thus plainly cannot be considered to have been occupying the truck at the time of his injury.
 
 III.
 
 9
 Brotherton next argues that if he is not considered a user of the truck at the time of his injury, it necessarily follows that he was a pedestrian and thus covered by the Act's "pedestrian" provision. This argument also fails. The relevant provision of the Act strongly suggests that the pedestrian must be struck by a vehicle. See Ky.Rev.Stat.Ann. § 304.39-050(1) (Banks-Baldwin 1996) (referring to the "vehicle which struck such pedestrian") (emphasis added). In the present case, the truck was stationary and Brotherton was not struck by it. Moreover, no authority has been cited nor can any be found to support the proposition that a pedestrian who is not struck by a vehicle is protected by the Act.
 
 IV.
 
 10
 For the foregoing reasons, we hereby AFFIRM the judgment of the district court.