INTERLOCK INDUSTRIES, INC., et al., Appellants,

v.

Charles RAWLINGS, et al., Appellees.

and

Rosenman's Inc., Appellant,

v.

Charles Rawlings, et al., Appellees.

and

Kentucky Flatbed Company, LLC, Appellant,

v.

Charles Rawlings, et al., Appellees.

Nos. 2010–SC–000264–DG, 2010–SC–000352–DG, 2010–SC–000368–DG.

Supreme Court of Kentucky.

Oct. 27, 2011.

Rehearing Denied Feb. 23, 2012.

Deborah Lynne Harrod, Wayne J. Carroll, MacKenzie & Peden, P.S.C., Louisville, KY, Counsel for Interlock Industries, Inc., and Ohio Valley Aluminum Company, LLC.

Robert E. Stopher, Robert Dmitri Bobrow, Boehl, Stopher & Graves, LLP, Louisville, KY, Counsel for Rosenman's, Inc.

Elizabeth Anna Deener, John Gary McNeill, Landrum & Shouse LLP, Lexington, KY, Counsel for Kentucky Flatbed Company, LLC.

Brien Glenn Freeman, Todd Kevin Childers, Freeman & Childers, Corbin, KY, Counsel for Charles Rawlings.

Gene Forrest Price, Frost Brown Todd, LLC, Joshua Taylor Rose, Hummel Coan Miller & Sage, Louisville, KY, Counsel for Anthem Health Plans of Kentucky, Inc.

Kevin Crosby Burke, Louisville, KY, Counsel for Amicus Curiae, Kentucky Justice Association.

Opinion of the Court by Justice
SCHRODER.

Discretionary review was granted in these three appeals, which arose from a single case in Shelby Circuit Court. We reviewed and heard the appeals together to decide a common issue: whether the one-year personal injury statute of limitations (KRS 413.140(1)(a)) or the two-year Motor Vehicle Reparations Act (MVRA) statute of limitations (KRS 304.39–230(6)) applies to an action for the injuries suffered by Charles Rawlings as he was rolling straps beside his tractor-trailer as it was being unloaded.

At the time of injury, Charles Rawlings was a contract driver for Kentucky Flatbed Company, LLC. On January 26, 2005, Rawlings picked up a load of aluminum bundles from Rosenman's, Inc. in Ottumwa, Iowa for delivery to Ohio Valley Aluminum, LLC (owned by Interlock Industries, Inc.) in Shelbyville, Kentucky. The aluminum bundles were loaded in the front and the back of the trailer, with three layers in each of the two stacks. The load was secured with straps and chains.

By the time Rawlings arrived in Shelbyville the next day, the load had shifted and leaned to one side. A forklift operator was able to begin unloading the bundles on the back of the trailer without incident. Rawlings then released the ratchets, straps, and chains from the front half of the load. As Rawlings stood on the passenger's side of the trailer, rolling up those unattached straps, the forklift operator proceeded to unload the bundles. At that time, a bundle of aluminum rolled from the top of the load and struck Rawlings, causing injuries rendering him unable to work for six months while he incurred medical expenses.

Rawlings filed his action some 13 months after the incident. The trial court emphasized the similarity of these facts to the case of State Farm Mutual Automobile Insurance Company v. Hudson, 775 S.W.2d 922 (Ky.1989), and granted the defendants summary judgment, dismissing the action based on the one-year statute of limitations for personal injury claims in KRS 413.140(1)(a). The trial court held that the two-year statute of limitations in the MVRA did not apply because KRS 304.39–020(6)(b) expressly excluded from the definition of "use of a motor vehicle" the "[c]onduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

The Court of Appeals reversed, applying the two-year statute of limitations, and remanded for trial, agreeing with Rawlings that rolling removed straps is not part of

unloading, but rather is part of the process of preparing the tractor-trailer for a return to the roadway. This Court then granted discretionary review.

■■ "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 370 (Ky.2010) (quoting *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996)). "An appellate court need not defer·to the trial court's decision on summary judgment and will review the issue de novo because only legal questions and no factual findings are involved." *Coomer*, 319 S.W.3d at 370–71 (quoting *Hallahan v. The Courier–Journal*, 138 S.W.3d 699, 705 (Ky. App.2004)).

As the trial court noted, *Hudson* is factually similar. "Hudson was injured when a log rolled off his truck and struck him as he was standing on the ground unfastening a chain in the course of unloading the truck." *Hudson*, 775 S.W.2d at 923. The issue in *Hudson* was the injured driver's entitlement to basic reparation benefits (BRB). Under KRS 304.39–030(1), "every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits . . . ."

Pursuant to KRS 304.39–020(6)(b), " 'Use of a motor vehicle' means any utilization of the motor vehicle as a vehicle including occupying, entering into, and alighting from it. It does not include . . . [c]onduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it." The Court in *Hudson* held that, under this statutory definition, "Hudson was not 'using' his vehicle when he was injured because he was engaged in an activity integral to unloading the truck. This conduct is specifically excluded from 'use.' Thus, [Hudson] was not entitled to recover under the MVRA for his injuries." 775 S.W.2d at 923.

The trial court in this case concluded that *Hudson* controlled. Rawlings correctly notes that *Hudson* dealt only with the issue of whether Hudson was entitled to BRB. Rawlings argues that tort liability coverage under the MVRA (which entitles a plaintiff to the MVRA's two-year statute of limitations) is broader than BRB coverage. *See, e.g., Troxell v. Trammell*, 730 S.W.2d 525 (Ky.1987) (MVRA's two-year statute of limitations applied to injured motorcyclist, even though motorcyclist had no BRB insurance coverage); *Bailey v. Reeves*, 662 S.W.2d 832 (Ky.1984) (MVRA's two-year statute of limitations interpreted broadly to apply to plaintiff injured when his vehicle· struck a cow).

Rawlings also argues that the fact that his insurance company paid him BRB should automatically bring him under the purview of the MVRA's statute of limitations. Or, in the alternative, he argues that the one-year personal injury statute of limitations should be calculated from the date of his last BRB payment.

■ The language of the MVRA's two-year statute of limitations, found at KRS 304.39–230(6), is quite broad: "An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." However, in interpreting KRS 304.39–230(6), this Court has consistently held that "the literal language of the MVRA extends the statute of limitations to two years for actions 'with respect to accidents occurring in this Commonwealth and arising from the owner-

ship, maintenance or *use of a motor vehicle,*' when not 'abolished' by the Act...." *Bailey,* 662 S.W.2d at 833 (quoting KRS 304.39–060(2)(a)) (emphasis added). Pursuant to *Hudson* and the plain language of KRS 304.39–020(6)(b), engaging in activity integral to the unloading of a truck does not constitute "use of a motor vehicle." *Hudson,* 775 S.W.2d at 923. Thus, the unloading of a vehicle does not fall under the purview of the MVRA, and is not subject to the two-year statute of limitations.[1] This analysis is not affected by the fact that Rawlings received BRB, because an action must first fall under the MVRA before the statute of limitations based on BRB payments can apply.

■ We now turn to the question of whether Rawlings was in fact unloading his truck at the time of the accident. The Court of Appeals held that "Rawlings's actions were not integral to Interlock's unloading of the tractor-trailer and, thus, Rawlings's actions do not constitute unloading within the meaning of KRS 304.39–020(6)...." Rawlings argues that his action in rolling the straps was not integral to the unloading process, but rather was an action in preparation for his return to the road. We disagree. This Court opines that Rawlings' activity, like that in *Hudson,* in removing the straps and chains from the load and rolling the straps was a continuous, integral part of the unloading process.

First, we note that the unloading process was still ongoing as Rawlings rolled his straps. In addition, without releasing the straps and chains, the forklift operator could not have unloaded the bundles. Removal of the straps was an integral part of the unloading process. Likewise, once the chains and straps were removed, it was necessary to roll them. The straps were rolled at that time because they were removed *while unloading the truck.* Maintenance, by contrast, is not dependent upon the time of unloading. Rolling straps is dependent upon unloading. Thus, it is an integral part of the unloading process, just as strapping down a load is an integral part of the loading process.

We opine that Rawlings' activity in releasing the straps *and* rolling them qualifies him as a participant in the unloading process. Therefore, for the reasons previously stated, the trial court correctly applied the one-year personal injury statute of limitations found in KRS 413.140(1)(a). As the trial court properly granted summary judgment, the remaining issues are moot.

Accordingly, the opinion of the Court of Appeals is reversed, and the order of the Shelby Circuit Court is hereby reinstated.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, and NOBLE, JJ., concur.

SCOTT, J., concurs in part and dissents in part by separate opinion in which VENTERS, J., joins.

SCOTT, J., concurring in part and dissenting in part.

I concur with the majority that Rawlings was involved in the unloading of his truck at the time of the accident. However, I would nonetheless affirm the Court of Appeals' decision because the two-year Motor

1. Conduct in the course of loading or unloading the vehicle would, of course, constitute "use of a motor vehicle" where "the conduct occurs while occupying, entering into, or alighting from [the vehicle]." KRS 304.39–020(6)(b). *See Goodin v. Overnight Transp. Co.,* 701 S.W.2d 131 (Ky.1985) (term "use of a motor vehicle" includes unloading a semi truck, where the person unloading was occupying the semi trailer at the time of the injury). In this case, there is no claim that Rawlings' actions fall under this exception.

Vehicle Reparations Act (MVRA) statute of limitations applies when any reparation obligor *actually* pays basic reparation benefits (BRB). *See* KRS 304.39–230(6) ("An action for tort liability not abolished by KRS 304.39–060 may be commenced not later than two (2) years after the injury, or the death, *or the last basic or added reparation payment made by any reparation obligor,* whichever later occurs.") (emphasis added). Simply put, the payment of these benefits by a reparation obligor automatically brings recipients within the purview of the two-year statute of limitations. The statute plainly says so as the underlying action was one not abolished by KRS 304.39–060.

In this case, Rawlings' insurance company paid him BRB, thereby triggering MVRA relief. As a result, I concur in part and dissent in part.

VENTERS, J., joins.