RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0950-MR

THOMAS LEONARD                                   APPELLANT

                 APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                  HONORABLE TIMOTHY KALTENBACH, JUDGE
                       ACTION NO. 20-CI-00255

AMERICAN ALTERNATIVE INSURANCE COMPANY         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Appellant, Thomas Leonard, appeals from the McCracken

Circuit Court order dismissing his claim. Following a careful review, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On March 10, 2018, Leonard suffered an allergic reaction to chicken he

ate at an O'Charley's restaurant. An ambulance operated by Mercy Regional

Emergency Medical Systems, LLC took Leonard to the hospital. However, the ambulance transported Leonard in a non-emergent fashion, which means it did not use its flashing lights or sirens and followed standard traffic rules and regulations. Upon arriving at the hospital, medical personnel treated Leonard for anaphylaxis. The emergency room doctor opined that the ambulance transporting Leonard non-emergently "led to more deterioration" of Leonard's condition.

Over one year later, on March 15, 2019, Leonard filed suit against Mercy Regional for negligently transporting him to the hospital in a non-emergent fashion, which contributed to his injuries. Mercy Regional moved for summary judgment claiming Leonard's suit was barred by the one-year statute of limitations. While Mercy Regional's motion for summary judgment was pending, Leonard filed a separate lawsuit against Mercy Regional's insurer and Appellee, American Alternative Insurance Company (AAIC) for basic reparations insurance benefits. The circuit court subsequently granted Mercy Regional's motion for summary judgment, which is currently on appeal to this Court in No. 2020-CA-0722.

In his lawsuit against AAIC, Leonard claims that the emergency medical personnel "carelessly and negligently operated the vehicle in such a manner that resulted in life-threatening injuries" to him. Leonard sought basic reparation benefits from AAIC under the Motor Vehicle Reparations Act (MVRA)

KRS[1] 304.39. Thereafter, AAIC moved to dismiss for failure to state a claim because the MVRA did not apply to it in this case and, even if it did, Leonard's claims were time-barred.

After hearing oral arguments, the circuit court granted AAIC's motion to dismiss. The court reasoned that Leonard's claim was not within the purview of the MVRA because it is intended for motor vehicle accident victims, and even if Leonard did have a claim under MVRA, it was barred by KRS 304.39-230(1). This appeal followed.

## STANDARD OF REVIEW

A trial court should only grant a motion to dismiss if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Benningfield v. Petit Envtl., Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005) (citation omitted). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to the trial court's determination; instead, an appellate court reviews the issue de novo." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

---

[1] Kentucky Revised Statutes.

## ANALYSIS

**I.      The MVRA does not apply.**

KRS 304.39-030(1) provides that, "[i]f the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits" under the MVRA.  In interpreting the MVRA, the Kentucky Supreme Court provides that its specific objective is "to insure continuous liability insurance coverage in order to protect the *victims* of motor vehicle accidents and to insure that one who suffers a loss as the result of an automobile accident would have a source and means of recovery." *Mitchell v. Allstate Ins. Co.*, 244 S.W.3d 59, 63 (Ky. 2008) (emphasis added).  Moreover, in *State Farm Mutual Automobile Insurance Company v. Rains*, 715 S.W.2d 232, 233 (Ky. 1986), the Supreme Court held that the MVRA only applies if:  (1) the injured persons were motor vehicle accident victims, and (2) their injuries arose out of the use of a motor vehicle.

In this case, Leonard alleges that his allergic reaction was exacerbated by Mercy Regional's non-emergent transportation of him to the hospital, and thus, his alleged injury falls under the purview of the MVRA.  He was not in a motor vehicle accident while in the ambulance.  And, his injury did not arise

-4-

out of the use of a motor vehicle. Accordingly, the MVRA does not apply to the facts of this case.

II.     **The MVRA's statute of limitations does not apply to this case.**

Leonard also argues that the two-year statute of limitations under the MVRA applies to his case. However, the circuit court did not dismiss Leonard's case based on the statute of limitations. Instead, the circuit court held that Leonard did not have a claim for basic reparations benefits under the MVRA, so the two-year limitation period under KRS 304.39-230(1) was not a basis for dismissing his complaint. As we have held that the MVRA did not apply, Leonard's argument that the statute of limitations under the MVRA applies is moot. *See Interlock Indus., Inc. v. Rawlings*, 358 S.W.3d 925, 928 (Ky. 2011) (holding "an action must first fall under the MVRA before the statute of limitations based on [basic reparation benefits] can apply.").

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the McCracken Circuit Court dismissing the complaint.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David V. Oakes
Paducah, Kentucky

BRIEF FOR APPELLEE:

Emily L. Startsman
Lexington, Kentucky