RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0722-MR

THOMAS LEONARD                                                    APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                 HONORABLE W.A. KITCHEN, JUDGE
ACTION NO. 19-CI-00235

MERCY REGIONAL EMERGENCY
MEDICAL SYSTEM, LLC                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Thomas Leonard appeals from an Order Granting Motion for

Summary Judgment entered April 27, 2020, by the McCracken Circuit Court,

summarily dismissing on statute of limitations grounds, a negligence claim he

asserted against Mercy Regional Emergency Medical System, LLC (Mercy

Regional).  Upon review, we affirm.

# BACKGROUND

This appeal arises from an alleged negligent hospital transport of Leonard to Baptist Health Hospital in Paducah, Kentucky, on March 10, 2018. The relevant facts were discussed by this Court in a related appeal styled *Leonard v. American Alternative Insurance. Company*, No. 2020-CA-0950-MR, 2021 WL 3698860 (Ky. App. Aug. 20, 2021) (unpublished), *discretionary review denied* (Jan. 11, 2022). Therein, we detailed some of the facts and procedural history relevant to this case:

> On March 10, 2018, Leonard suffered an allergic reaction to chicken he ate at an O'Charley's restaurant. An ambulance operated by Mercy Regional Emergency Medical Systems, LLC took Leonard to the hospital. However, the ambulance transported Leonard in a non-emergent fashion, which means it did not use its flashing lights or sirens and followed standard traffic rules and regulations. Upon arriving at the hospital, medical personnel treated Leonard for anaphylaxis. The emergency room doctor opined that the ambulance transporting Leonard non-emergently "led to more deterioration" of Leonard's condition.
>
> Over one year later, on March 15, 2019, Leonard filed suit against Mercy Regional for negligently transporting him to the hospital in a non-emergent fashion, which contributed to his injuries. Mercy Regional moved for summary judgment claiming Leonard's suit was barred by the one-year statute of limitations. While Mercy Regional's motion for summary judgment was pending, Leonard filed a separate lawsuit against Mercy Regional's insurer and Appellee, American Alternative Insurance Company (AAIC) for basic reparations insurance benefits. The

circuit court subsequently granted Mercy Regional's
motion for summary judgment, which is currently on
appeal to this Court in No. 2020-CA-0722.

*Id*. at *1.

As noted, the circuit court granted Mercy Regional a summary

judgment, holding that Leonard's suit was untimely because the date he filed it –

March 15, 2019 – was over a year after his injury occurred and outside of the

applicable one-year statute of limitations set forth in Kentucky Revised Statutes

(KRS) 413.245. This appeal followed. Additional facts will be discussed as

necessary in our analysis.

**STANDARD OF REVIEW**

When a trial court grants a motion for summary judgment, the

standard of review for the appellate court is *de novo* because only legal issues are

involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App.

2004). Summary judgment is appropriate where "the pleadings, depositions,

answers to interrogatories, stipulations, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Kentucky

Rules of Civil Procedure (CR) 56.03. The movant bears the initial burden of

demonstrating that there is no genuine issue of material fact in dispute. The party

opposing the motion then has the burden to present "at least some affirmative

-3-

evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991) (citations omitted). A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings. *Continental Cas. Co. v. Belknap Hardware & Mfg. Co.*, 281 S.W.2d 914, 916 (Ky. 1955). "If the summary judgment is sustainable on any basis, it must be affirmed." *Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006).

## ANALYSIS

Leonard raises two arguments in this appeal. First, he contends that the controlling statute of limitation for filing his lawsuit is two years as set forth in the Motor Vehicle Reparations Act (MVRA), KRS 304.39-230(6). Leonard argues that the two-year limitations period set forth in KRS 304.39-230(6) properly applied to his suit because on the date of his injuries, Mercy Regional's emergency medical personnel "carelessly and negligently operated the vehicle in such a manner that resulted in life-threatening injuries" to him. As a result, he reasons his negligence claim against Mercy Regional was governed by the MVRA. We disagree.

An action must first fall under the MVRA before any limitations period applicable to the MVRA can apply to it. *See Interlock Industries, Inc. v. Rawlings*, 358 S.W.3d 925, 928 (Ky. 2011). And, as we stated by this Court in

Leonard's other appeal regarding the same claim of negligence at issue here,

Leonard's action does *not* fall under the purview of the MVRA:

> KRS 304.39-030(1) provides that, "[i]f the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits" under the MVRA. In interpreting the MVRA, the Kentucky Supreme Court provides that its specific objective is "to insure continuous liability insurance coverage in order to protect the victims of motor vehicle accidents and to insure that one who suffers a loss as the result of an automobile accident would have a source and means of recovery." *Mitchell v. Allstate Ins. Co.*, 244 S.W.3d 59, 63 (Ky. 2008) (emphasis added). Moreover, in *State Farm Mutual Automobile Insurance Company v. Rains*, 715 S.W.2d 232, 233 (Ky. 1986), the Supreme Court held that the MVRA only applies if: (1) the injured persons were motor vehicle accident victims, and (2) their injuries arose out of the use of a motor vehicle.
>
> In this case, Leonard alleges that his allergic reaction was exacerbated by Mercy Regional's non-emergent transportation of him to the hospital, and thus, his alleged injury falls under the purview of the MVRA. He was not in a motor vehicle accident while in the ambulance. And, his injury did not arise out of the use of a motor vehicle. Accordingly, the MVRA does not apply to the facts of this case.

*American Alternative Ins. Co.*, 2021 WL 3698860 at *1-*2.

Accordingly, Leonard's two-year statute of limitations argument fails.

As for Leonard's second argument, some additional background is necessary.

Whether Leonard's negligence claim was an "action for an injury to the person of

-5-

the plaintiff," or rooted in "professional service malpractice[,]" Leonard had only one year from its accrual date to file suit. *See* KRS 413.140(1)(a); KRS 413.245.[1] Here, Leonard suffered the allergic reaction on March 10, 2018, and Mercy Regional's paramedics transported him to the hospital that evening. He filed suit against Mercy Regional more than one year later, on March 15, 2019. Thus, his claim was time-barred absent any applicable exception.

That said, Leonard argues an exception applied. He asserts the one-year limitations period applicable to his claim was tolled until March 16, 2018, because he was "of unsound mind," and thus under a legal disability, until that date. *See* KRS 413.170(1);[2] *see also* KRS 413.245 (providing, in relevant part, that the time for filing an action "shall not commence against a party under legal disability until removal of the disability"). Regarding this assertion, Leonard states:

---

[1] Below, the circuit court dismissed Thomas Leonard's claim based upon Kentucky Revised Statutes (KRS) 413.245, which provides a one-year limitation period for claims of professional service malpractice. Mercy Regional Emergency Medical System, LLC (Mercy Regional) also asserted that if Leonard's negligence claim did not qualify as "professional service malpractice[,]" then the one-year limitation period set forth in KRS 413.140(1)(a) applied. For purposes of this appeal, it is unnecessary to resolve which statute properly applied, as the result is the same either way.

[2] KRS 413.170(1) provides: "If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued."

-6-

Plaintiff testified that he was "unconscious for a few days" and does not remember which day he first regained some level of consciousness. Thomas Leonard deposition page 53:15 to 53:19. His wife testified that he was unconscious until the Wednesday after the incident, at which point the doctors "pulled back a little bit more on the medication. . . ." Mari Leonard deposition, page 47. Exhibit B shows that plaintiff was not released from the ICU to another room until postoperative day 5, which would have been Friday, March 16, 2018. Thus, March 16 is the earliest rational date on which the statute of limitations might have begun to run.

Leonard's Brief at 7.

Again, we disagree. It appears "unconsciousness" is Leonard's only theory of legal disability.[3] However, Leonard's vague representation that "he was 'unconscious for a few days' and does not remember which day he first regained some level of consciousness" is not proof that he was under a legal disability until March 16, 2018. As to what he has designated "Exhibit B,"[4] Leonard points to a

---

[3] Leonard cites no authority indicating his mere presence in the ICU equated to a legal disability.

[4] In Footnote 1 of its brief, Mercy Regional represents that the discharge summary record Leonard cites as "Exhibit B" *is* the subject of a motion it filed with this Court to strike Leonard's brief. To be clear however, it *was*, and now *isn't*. The record Leonard cites as "Exhibit B" was initially not part of the certified record, and his citation to it prompted Mercy Regional to file its motion. It also prompted Leonard to file his own motion to supplement the certified record with the discharge summary, along with his response to Mercy Regional's summary judgment motion (to which the discharge summary had been attached as an exhibit) – indeed, his response was also missing from the certified record. In support of his motion to supplement, Leonard pointed out that the circuit court had quoted from the discharge summary in its dispositive order and had thus clearly reviewed it. Ultimately, the circuit court granted Leonard's motion to have his response and the discharge summary added to the certified record; and on June 28, 2022, this Court granted Leonard's motion to supplement and denied Mercy Regional's motion to strike. Accordingly, those issues have already been resolved.

discharge summary record from the hospital that treated him, Baptist Health, which indicates he was unconscious for a period of two or three days following the incident. In its dispositive order, the circuit court noted the document states that on "postop day 2" (March 13, 2018),[5] Leonard "demonstrated a neurologically intact exam." Further indicating Leonard was not unconscious that day, the same document also indicates that on that day, Leonard was also "up to the chair and ambulating around the unit with the assistance of physical therapy." Lastly, regarding his wife's testimony that "he was unconscious until the *Wednesday* after the incident," Leonard also ignores what he wrote only a few words later in his brief: The *Friday* after the incident was March 16, 2018 – meaning that the *Wednesday* after the incident was March 14, 2018. In other words, if "unconsciousness" was Leonard's disability, the evidence demonstrates his disability ended, at the latest, on March 14, 2018 – over a year before he filed suit against Mercy Regional.

Accordingly, we agree with the circuit court that the record contains no evidence that Leonard was under a legal disability during his hospital stay and even if his condition could be construed as a disability, it did not last past March 14, 2018.

---

[5] In its order, the circuit court indicated "postop day 2" was a reference to March 12, 2018; however, Leonard's discharge summary indicates Leonard's surgery was performed on March 11, 2018.

For the foregoing reasons, the summary judgment entered by the

McCracken Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

David V. Oakes
Paducah, Kentucky

BRIEF FOR APPELLEE:

James A. Sigler
James P. Landry
Paducah, Kentucky