RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1570-MR

DAKOTA MILLER                                                                APPELLANT

APPEAL FROM KNOX CIRCUIT COURT
v.        HONORABLE MICHAEL O. CAPERTON, JUDGE
ACTION NO. 18-CI-00512

T & J LAND CO., LLC                                                            APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Dakota Miller[1] ("Miller") appeals from the order of the Knox

Circuit Court dismissing his claims against T&J Land Co., LLC ("T&J Land") as

barred by KRS[2] 413.140(1)(a)'s one-year statute of limitations. At issue is whether

---

[1] Also known as "Cody" Miller.

[2] Kentucky Revised Statutes.

the MVRA,[3] and its two-year statute of limitations, governs Miller's claims. We hold that it does. Therefore, we reverse and remand.

According to the complaint, on December 30, 2016, Miller was attempting to buy insurance at a State Farm office in Barbourville, Kentucky when a vehicle crashed into the building, hitting him and causing serious injury. T&J Land owns and operates Union Plaza Shopping Center where the State Farm office was located. On December 7, 2018, Miller filed a complaint[4] against T&J Land in Knox Circuit Court, alleging negligence, *res ipsa loquitur*, and punitive damages. T&J Land moved to dismiss the complaint, arguing that it was filed outside KRS 413.140(1)(a)'s one-year statute of limitations, while Miller responded that his claims were governed by the MVRA's two-year statute of limitations. KRS 304.39-230(6). The circuit court granted the motion and dismissed Miller's complaint. This appeal followed.

Whether an action is barred by the statute of limitations is a question of law, which an appellate court reviews *de novo*. *Estate of Wittich By & Through Wittich v. Flick*, 519 S.W.3d 774, 776 (Ky. 2017) (citation omitted).

---

[3] Motor Vehicle Reparations Act.

[4] Before suing T&J Land, Miller filed a separate action against Barbourville Development Co., Ltd, Cumberland River Land Company, LLC, State Farm Mutual Automobile Insurance Co., Jeffrey Branum, Roger F. Hughes, and Wendy E. Simpson. That action was dismissed by summary judgment and affirmed on appeal. *See Miller v. State Farm Mut. Auto. Ins. Co.*, No. 2018-CA-001866-MR, 2020 WL 1074788, at *1 (Ky. App. Mar. 6, 2020), *discretionary review denied* (Oct. 21, 2020).

The sole question on appeal is whether the MVRA applies to Miller's claims. If so, the MVRA's two-year statute of limitations controls and the circuit court's grant of dismissal was error.

In *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987), our Supreme Court discussed the difference between the MVRA's and KRS 413.140(1)(a)'s statute of limitations:

> The one-year personal injury statute of limitations, KRS 413.140(1)(a), is a *general* statute of limitations "for an injury to the person of the plaintiff." It does not speak to motor vehicle accidents as such, and, indeed, it is so old that it may well have preexisted the advent of the motor vehicle. On the other hand, KRS 304.39-230(6) is a *special* statute of limitations, part of a comprehensive, integrated code (the MVRA) applicable to the rights and liabilities of motor vehicle accident victims. Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable.

"The two year statute of limitations set forth in the MVRA applies only to those actions within the purview of the statute." *Floyd v. Gray*, 657 S.W.2d 936, 939 (Ky. 1983). In *Bailey v. Reeves*, 662 S.W.2d 832, 835 (Ky. 1984), the Kentucky Supreme Court recognized that "[t]he purview of the Act is motor vehicle accident victims." Here, Miller's complaint alleges that he was struck by a vehicle while waiting inside a State Farm office when the vehicle

breached the exterior of the building.  Put simply, because Miller is a motor vehicle accident victim, he is within the purview of the act.  Pursuant to *Troxell*, "KRS 304.39-230(6) applies rather than . . . KRS 413.140(1)(a) in the present situation where the cause of action is both a motor vehicle accident and a personal injury claim."  730 S.W.2d at 528.  Therefore, Miller's claims were not barred by statute of limitations and the circuit court wrongly dismissed his complaint.

T&J Land argues that the MVRA is inapplicable because neither party was maintaining, operating, or using a motor vehicle, citing KRS 304.39-060(2)(c).  However, "KRS 304.39-060 is not concerned with whether the action is against a motorist or nonmotorist, but with entirely different subjects, abolishing tort liability for certain elements of damages and in certain types of cases where damages do not exceed certain thresholds."  *Bailey*, 662 S.W.2d at 834.  As noted in *Bailey*,

> the only actions for tort liability abolished by Section .060 of MVRA are those against "the owner, registrant, operator or occupant of a motor vehicle with respect to which security has been provided as required" by the Act.  Against all other persons, motorists and nonmotorists, the "action for tort liability" is not abolished . . . .

*Id.* at 835.

In fact, T&J Land's argument is merely a slight variant of the one explicitly rejected in *Bailey*.  There, the appellee argued that KRS 304.39-230(6) is

only applicable with respect to actions for tort liability *against* an owner, operator, or occupant of a motor vehicle. The Court disagreed, holding that KRS 304.39-230(6) is not so limited: "[t]he literal language of this Section of the statute covers any 'action for tort liability not abolished by KRS 304.39-060,' not just one 'against the owner, registrant, operator or occupant of a motor vehicle,' as appellee contends." *Bailey*, 662 S.W.2d at 834-35. It further noted the "obvious inconsistencies and litigation problems that would be created if we were to interpret [the] MVRA to carve out a different statute of limitations in [a] claim against [a] motorist" and a nonmotorist. *Id.* at 834.

T&J Land tries to distinguish *Bailey* by noting that the plaintiff in that case was operating a motor vehicle while Miller was not. We find this difference to be of no consequence. As recognized in *Bailey*, and noted above, "[t]he purview of the Act is motor vehicle accident victims." *Bailey*, 662 S.W.2d at 835. Miller is a motor vehicle accident victim, and as such, is within the purview of the MVRA. Whether he was operating a motor vehicle is inconsequential.

Therefore, the order of the Knox Circuit Court is reversed, and this cause is remanded for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph B. Venters
Somerset, Kentucky

BRIEF FOR APPELLEE:

Robert E. Maclin, III
Drake W. Staples
Lexington, Kentucky